645 So.2d 1198 (1994)
STATE of Louisiana, Appellee
v.
Curtis Anthony GIPSON a/k/a Anthony C. Gipson, Appellant.
No. 26433-KA.
Court of Appeal of Louisiana, Second Circuit.
October 26, 1994.
Rehearing Denied December 1, 1994.
*1199 Bobby L. Culpepper & Associates by Bobby Culpepper, Jonesboro, for appellant.
Richard Ieyoub, Atty. Gen., Walter E. May, Jr., Dist. Atty., Arcadia, and C. Glen Fallin, Asst. Dist. Atty., for appellee.
Before SEXTON and STEWART, JJ., and PRICE, J. Pro Tem.
STEWART, Judge.
The defendant, Anthony C. Gipson, was charged by bill of information with one count of distribution of cocaine pursuant LSA-R.S. 40:967 A(1). After trial by jury on November 15, 1993, the defendant was found guilty of the offense. On January 5, 1994, the defendant was sentenced to nine years at hard labor. The defendant now appeals his conviction. He contends that the evidence at trial was insufficient to prove guilt beyond a reasonable doubt, that the law under which he was sentenced was invalid and unconstitutional, and that the court erred in instructing the jury. For the reasons expressed, we find that the identification evidence was insufficient. We reverse.

FACTS
The record reveals that on or about March 3, 1993, Robert Thomas, an undercover narcotics agent, was asked by the Bienville Parish Sheriff's Department to travel to a particular area in Arcadia, Louisiana to identify suspected drug dealers by purchasing drugs. Officer Thomas, who was not from the area, testified at trial that he and an unknown confidential informant went to the home of the defendant, Anthony C. Gipson, located in a housing project on Atkins Street in Arcadia. The officer testified that he purchased a $20 rock of crack cocaine from the defendant.
After the buy, the officer and the informant returned to the designated area to *1200 meet with Deputy Jarrett Ketchum. Officer Ketchum testified that Officer Thomas, told him that he only purchased from one individual, who gave him one rock of crack cocaine for which Thomas paid $20. Officer Thomas testified that he was told by the unidentified informant that the person who sold the rock was Gipson.
On May 26, 1994, the defendant testified that he received a phone call from the Bienville Parish Sheriff's Office informing him that there was a warrant for his arrest. Later that evening, he was arrested by the police.

SUFFICIENCY OF THE EVIDENCE
The defendant does not dispute that the narcotics officer purchased cocaine on the night in question as established by the evidence. However, the defendant does claim that there was insufficient evidence to identify him as the person who actually distributed the cocaine. As the basis for this assignment, the defendant asserts that the only evidence presented by the state was the uncorroborated testimony of Officer Robert Thomas that the defendant was the person who sold him the rock.
The standard of review for the sufficiency of the evidence is whether, viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found that the state proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Nealy, 450 So.2d 634 (La.1984). Where the key issue is not whether the crime was committed, but whether the defendant was the person who committed it, the state is required to negate any reasonable probability of misidentification in order to carry its burden of proof. State v. Smith, 430 So.2d 31 (La.1983); State v. Long, 408 So.2d 1221 (La.1982); State v. Lee, 577 So.2d 1193 (La. App. 2d Cir.1991); State v. Ford, 26,422 (La. App. 2d Cir. 9/21/94), 643 So.2d 293.
In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient to support a factual conclusion. State v. Braswell, 605 So.2d 702 (La.App. 2d Cir.1992); State v. Thomas, 609 So.2d 1078 (La.App. 2d Cir. 1992), writ denied, 617 So.2d 905 (La.1993); State v. Emerick, 499 So.2d 195 (La.App. 2d Cir.1986). It is the function of the jury and not that of the appellate court to assess the credibility of witnesses. State v. Trosclair, 443 So.2d 1098 (La.1983), cert. dismissed, 468 U.S. 1205, 104 S.Ct. 3593, 82 L.Ed.2d 889 (1984); State v. Holland, 544 So.2d 461 (La. App. 2d Cir.1989), writ denied, 567 So.2d 93 (La.1990). Where the trier of fact has made a rational credibility determination, an appellate court should not disturb it. State v. Mussall, 523 So.2d 1305 (La.1988).
The principal criterion of a Jackson v. Virginia review is rationality. This is because under Winship[1] and Jackson, Fourteenth Amendment due process demands that in state trials, as has been demanded traditionally in federal trials, a criminal conviction cannot constitutionally stand if it is based on a record from which no rational trier of fact could find guilt beyond a reasonable doubt. State v. Mussall, supra, at 1310, citing Jackson v. Virginia, supra, 443 U.S. at 317, 99 S.Ct. at 2288, 61 L.Ed.2d at 572. A reviewing court is required to view the evidence from the perspective of a hypothetical rational trier of fact in determining whether such an unconstitutional conviction has occurred. In reviewing the evidence, the whole record must be considered because a rational trier of fact would consider all of the evidence, and the actual trier of fact is presumed to have acted rationally until it appears otherwise. Id.
Not only did the Supreme Court abjure any requirement that a reviewing court retry the issue of guilt, but it also rejected all forms of limited review under which a partial or one-dimensional view of the evidence is accepted as an index of actual probative value. The Jackson doctrine does not permit the reviewing court to view just the evidence most favorable to the prosecution and then to decide whether the evidence convinced it beyond a reasonable doubt. Id.
*1201 In the instant case, Officer Thomas' testimony clearly established the essential elements of the crime of distribution of cocaine. The only issue to be resolved is identification.
During the trial, the state produced one eye witness to the transactionOfficer Robert Thomas. Officer Thomas has worked in narcotics for eight years and has made between 1,500 and 2,000 cocaine purchases in that time. At trial, he testified that he only saw Anthony Gipson on two occasionson March 3, 1993, the day of the cocaine purchase and eight months later on November 15, 1993, the day of the trial.
The officer testified that the transaction took less than five minutes and that there was good lighting inside the apartment, which enabled him to get a good look at the defendant. However, the officer also testified that he had never seen the defendant before and did not know him by name. No other witnesses were produced by the state to corroborate the officer's testimony that Anthony Gipson was actually the person who sold him cocaine. The record does not reflect that either audio or visual surveillance equipment was used to monitor the purchase.
Additionally, the state failed to introduce evidence that the officer was given the opportunity to identify the defendant with a photo array or line-up immediately after the buy in March or at a pre-trial hearing in the intervening months between the purchase and the trial. Thomas' first opportunity to identify the defendant after the five-minute buy was in court. There, the officer did not indicate on direct or cross-examination that the defendant's physical appearance had changed in any remarkable manner since the March encounter.
The state also introduced the testimony of Officer Jarrett Ketchum, a deputy with the Bienville Parish Sheriff's Office. Officer Ketchum assisted in organizing the transaction and met with Thomas and the confidential informant after the buy at another location to exchange the cocaine. Although Ketchum testified that he had known the defendant a long time, the officer did not testify that Gipson was a target of the investigation or that the officer actually witnessed the transaction in question.
When queried by defense counsel about why Anthony Gipson was arrested almost three months later in May, Ketchum explained that this was an ongoing operation and that he did not want to risk the possibility of the informant being "burned" or exposed. There was no evidence presented by Officer Ketchum to establish why Thomas was not provided the opportunity to identify the defendant after the arrest in March or prior to the trial in November.
In response to the state's case, the defendant testified that he was not the person who sold drugs to the officer. He further stated that his apartment could not have been the one in which the buy took place because there were no lights in the living room of his apartment, as the officer had described. Gipson also indicated that at the time of his arrest he weighed between 145 to 150 lbs. Since his arrest and while in jail, the defendant had gained over 45 lbs. and weighed 195 lbs. at trial. This fact, however, was not acknowledged by Thomas on direct or cross-examination. Both Lamar Kidd and Toby Sullivan, trusties at the Bienville Parish Jail, corroborated defendant's testimony and testified that the defendant had gained over 40 lbs. since his incarceration. Each attributed the defendant's weight gain to diet and exercise in prison.
Next, Renee Jones, the defendant's fiancee and the person with whom he had lived for four years, also testified that there were no lights in the living room of her apartment. She stated that lights were not provided by the housing complex and that she could not afford to buy them. Ms. Jones testified that in the four years that she had lived there, she had never seen drugs sold from her house and would not have permitted it because she had three small children. She also indicated that the defendant was noticeably smaller when he was arrested and had gained a considerable amount of weight since that time.
Applying the aforementioned legal precepts to the present case, we conclude that the state has failed to negate any reasonable probability of misidentification in order to *1202 carry its burden of proof. Thus, any rational trier of fact, after viewing all of the evidence favorably to the prosecution, must have a reasonable doubt as to the defendant's guilt. One eyewitness' testimony alone, particularly that of a trained police officer, is usually sufficient. However, even in those cases where there is only one officer who testifies, there is some additional corroborating evidence such as audio or visual surveillance recordings, testimony of a confidential informant or at least an immediate identification and arrest of the defendant after the transaction. Here, the state failed to present such corroborating evidence creating an internal contradiction and an irreconcilable conflict with the physical evidence and the testimony of the state's one eyewitness.
It is, of course, not the function of this court to assess the credibility of the witnesses; that is the function of the jury. However, the fear of the spread of drugs in our communities is so pervasive that this court has a duty to closely scrutinize those cases in which the evidence is so insufficient that it is clear that fear overcame reasonable doubt.
In light of our holding, this court declines to address the defendant's remaining assignments of error.

DECREE
The conviction and sentence are therefore reversed and Anthony C. Gipson is ordered discharged from this offense.
REVERSED.
SEXTON, J., dissents.

APPLICATION FOR REHEARING
Before SEXTON, LINDSAY, WILLIAMS, STEWART, JJ. and PRICE, J., Pro Tem.
Rehearing denied.
NOTES
[1] In re Winship, 397 U.S. 358, 368, 90 S.Ct. 1068, 1075, 25 L.Ed.2d 368, 377-78 (1970).