702 So.2d 739 (1997)
STATE of Louisiana, Appellee,
v.
Michael MARTIN, Appellant.
No. 29717-KA.
Court of Appeal of Louisiana, Second Circuit.
September 24, 1997.
*740 Indigent Defender Board by John M. Lawrence, Shreveport, for Appellant.
Richard P. Ieyoub, Attorney General, James M. Bullers, District Attorney, Joseph A. Gregorio, J. Spencer Hays, Assistant District Attorneys, for Appellee.
Before HIGHTOWER, WILLIAMS and STEWART, JJ.
WILLIAMS, Judge.
The defendant, Michael Martin, was charged by bill of information with one count of distribution of cocaine, a violation of LSA-R.S. 40:967(A)(1). After a jury trial, the defendant was found guilty as charged. The trial court sentenced the defendant to serve ten years imprisonment at hard labor and denied his timely motion for reconsideration of sentence. Defendant appeals his conviction and sentence. For the following reasons, we affirm.

FACTS
On April 29, 1993, at approximately 3:00 p.m., Detective Ernie Plunkett and Agent Robert Thomas of the Bossier Parish Sheriff's Office, were conducting an undercover narcotics investigation in Bossier City. Detective Plunkett was providing surveillance for the operation and was driving alone in his vehicle. While proceeding to Kelly Street, Agent Thomas spoke with an individual who was walking in the area. The person then traveled in the vehicle with Agent Thomas, who testified that when purchasing drugs, he tried to find someone familiar with the locality to gain easier access to the suspected source. He parked his car near 623 Kelly, one of the last houses on the dead-end street. Detective Plunkett parked a short distance away, within sight of Agent Thomas' vehicle.
*741 After speaking briefly with his passenger, who remained in the automobile, Agent Thomas walked up to the porch of the residence and knocked on the door. At this point, he was no longer visible to Detective Plunkett. An adult male, later identified as the defendant, opened the door. Deputy Thomas testified that he asked if "Mike" was there and defendant answered "yeah." The deputy said he wanted a "twenty dollar rock," and the defendant handed him a substance which appeared to be a rock of crack cocaine. The deputy paid the individual twenty dollars. Laboratory testing later confirmed that the substance was cocaine.
Agent Thomas returned to his car, drove a short distance away from the residence and the individual accompanying him left the vehicle. Detective Plunkett met Agent Thomas in the parking lot of Eckerd Drugs at the corner of Airline and East Texas. Detective Plunkett testified that he received from Thomas two off-white rocks of suspected crack cocaine, placed them in an evidence bag, recorded the date and time the evidence was obtained and wrote the initial M and "Martin" as the suspect. Defendant was arrested several weeks later at 623 Kelly Street and charged with distribution of cocaine.
After a jury trial, the defendant was convicted as charged. The trial court sentenced defendant to serve ten years at hard labor, to be served consecutively with any other prior sentence. Defendant's motion for reconsideration of sentence was denied. Defendant appeals his conviction and sentence.

DISCUSSION

Sufficiency of the Evidence
The defendant argues that there was insufficient evidence to support his conviction for distribution of cocaine. He contends the state failed to prove his identity as the individual who sold cocaine to the undercover officer.
Under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the proper standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Taylor, 28,736 (La. App.2d Cir. 10/30/96), 682 So.2d 827.
This court's authority to review questions of fact in a criminal case is limited to the sufficiency-of-the-evidence evaluation under Jackson v. Virginia, supra, and does not extend to credibility determinations made by the trier of fact. La. Const. art. 5, § 5(C); State v. Williams, 448 So.2d 753 (La.App. 2d Cir.1984). A reviewing court accords great deference to a jury's decision to accept or reject the testimony of a witness in whole or in part. State v. Rogers, 494 So.2d 1251 (La.App. 2d Cir.1986), writ denied, 499 So.2d 83 (1987).
In cases where a defendant asserts that he was not the person who committed the crime, the Jackson rationale requires the state to negate any reasonable probability of misidentification in order to carry its burden of proof. State v. Long, 408 So.2d 1221 (La.1982); State v. Davis, 27,961 (La.App.2d Cir. 4/8/96), 672 So.2d 428. In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness' testimony, if believed by the trier of fact, is sufficient support for a requisite factual finding. State v. Ford, 28,724 (La.App.2d Cir. 10/30/96), 682 So.2d 847.
Pursuant to LSA-R.S. 40:967, it is unlawful for any person to knowingly or intentionally distribute a Schedule II controlled dangerous substance, which includes cocaine. See LSA-R.S. 40:964. A defendant is guilty of distribution of cocaine when he transfers its possession or control to his intended recipient. State v. Cummings, 95-1377 (La.2/28/96), 668 So.2d 1132; see LSA-R.S. 40:961(14).
In the present case, Agent Thomas identified the defendant in court as the individual who had sold him cocaine. The deputy testified that he was sure that the defendant was the person from whom he had purchased the drug. Agent Thomas stated that he could remember the defendant's identity *742 because he had spoken with him during the transaction.
At trial, the defense presented testimony raising the issue of mistaken identification. Defendant's sister, Pamela Martin, testified that she lived at 623 Kelly from approximately January 1992 to December 1993. Martin stated the defendant also resided there during that period, but that he was not living with her at the time of the alleged drug sale on April 29, 1993, because he was visiting his children. Martin asserted that the defendant did not visit or stay at the residence anytime during the period that he was living elsewhere.
Lerline White, the defendant's former girlfriend, testified that the defendant lived with her from April 10, 1993 to May 7, 1993. White stated she recalled the dates because he moved in just before Easter and left on his birthday in May.
The defense also called Bossier City Police Officer John Bacot as a witness. Officer Bacot testified about an undercover narcotics investigation in August 1993, during which a confidential informant was sent to purchase drugs at 621 Kelly, but may have gone to 623 Kelly by mistake because the houses did not have numbers. Officer Bacot stated that the informant and an undercover police officer actually purchased narcotics at 621 Kelly Street. Despite the lack of address numbers, Agent Thomas testified that he knew he was at the right house because they had previously conducted surveillance of the residence.
The defendant contends that the foregoing testimony established that he was not living at 623 Kelly Street at the time of the drug transaction and thus he was not the individual from whom the officer purchased cocaine. Defendant argues that his conviction should be reversed because the state failed to produce a witness who could corroborate Agent Thomas' identification of him as the person who sold the cocaine. In support of his argument, the defendant relies on State v. Gipson, 26,433 (La.App.2d Cir. 10/26/94), 645 So.2d 1198, wherein this court held that the uncorroborated testimony of a narcotics officer failed to negate any reasonable probability of misidentification.
However, the present situation can be distinguished from that in Gipson, supra, where the identifying officer's testimony concerning the available room lighting was contradicted by other witnesses and the officer failed to notice at trial that the accused's weight gain since his arrest had substantially altered his physical appearance. Here, the drug transaction took place in daylight and Agent Thomas was able to closely observe the defendant as they spoke during the purchase. In addition, the evidence did not indicate that defendant's physical appearance had substantially changed since the time of the transaction.
The jury heard the conflicting testimony and weighed the credibility of the witnesses. Where the resolution of conflicting testimony as to factual matters depends upon a determination of the credibility of the witnesses, this is a matter of the weight of the evidence. A determination of the weight of the evidence is a factual question to be decided by the trier of fact. State v. Williams, 618 So.2d 606 (La.App. 2d Cir.), writ denied, 625 So.2d 1060 (La.1993).
The testimony by defendant's witnesses did not specify his whereabouts on April 29, 1993. In contrast, Agent Thomas, a trained officer who has participated in numerous similar cases, testified that he purchased narcotics from the defendant at 623 Kelly Street on that date. Although Agent Thomas' identification of defendant at trial was not corroborated by another witness, the jury was able to consider this factor in weighing the accuracy of the officer's testimony. The jury reasonably chose to accept the testimony of Agent Thomas in finding defendant guilty of the charged offense. We are constrained from disturbing the jury's rational credibility determination.
This court has previously upheld a conviction based upon the identification of the perpetrator by a sole undercover officer. See State v. Thomas, 26,116 (La.App.2d Cir. 6/22/94), 639 So.2d 408, writ denied, 94-2332 (La.1/13/95), 648 So.2d 1337. In the present case, the undercover officer's testimony was sufficient to support the jury's finding that the state negated any reasonable probability *743 of misidentification. Agent Thomas had the opportunity to observe the person who sold the cocaine and positively identified the defendant at trial.
Viewing all of the evidence in the light most favorable to the state, the jury could have reasonably concluded that defendant was the individual who delivered the drug to the undercover officer. Thus, the record supports defendant's conviction for the distribution of cocaine. The assignment of error lacks merit.

Excessive Sentence
The defendant argues the trial court erred in imposing an unconstitutionally excessive sentence. He contends that the sentencing objective could have been achieved with the imposition of a lesser sentence.
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. Art. 1, § 20 (1974) if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Thompson, 25,583 (La.App.2d Cir. 1/19/94), 631 So.2d 555.
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, this court does not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Thompson, supra. The statutory sentencing range for the offense of cocaine distribution is imprisonment at hard labor for five to thirty years with a potential fine of $50,000. LSA-R.S. 40:967(B).
The trial judge reviewed a presentence investigation report, which showed defendant's two prior misdemeanor convictions for aggravated assault and a prior felony conviction. The trial court considered defendant's background, including the fact that he is married with one child and that he did not have a juvenile record. However, the trial judge also noted that defendant was unwilling to accept responsibility for his actions, that he was uncooperative during the presentence investigation, and that defendant was a second felony offender.
After weighing these factors, the trial court imposed a sentence of ten years imprisonment at hard labor. The trial judge adequately stated for the record his reasons for the imposition of this sentence, which is neither grossly out of proportion to the seriousness of the offense nor a shock to our sense of justice. We cannot say that the sentence is constitutionally excessive. Therefore, we conclude the trial court did not abuse its discretion in sentencing this defendant. The assignment of error lacks merit.
Pursuant to LSA-C.Cr.P. Art. 920(2), we have examined the record for error patent and found none.
For the foregoing reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.
HIGHTOWER and STEWART, JJ., concur and assign written reasons.
HIGHTOWER, Judge, concurring.
Although concurring in the result, I do not reach the evidence-sufficiency complaintan issue not properly before us after the defendant failed to present a post-trial motion for acquittal to the district court. See La. C.Cr.P. art. 821; State v. Hall, 624 So.2d 927 (La.App. 2d Cir.1993), writ denied, 629 So.2d 1182 (La.1993); Bates v. Blackburn, 805 F.2d 569 (5th Cir.1986), cert. denied, 482 U.S. 916, 107 S.Ct. 3190, 96 L.Ed.2d 678 (1987). See also discussion in concurrence to State v. Green, 28,994 (La.App.2d Cir. 02/25/97), 691 So.2d 1273, and authorities therein.
STEWART, Judge, concurring.
Where the key issue is whether defendant was the person who committed the crime, the state must negate any reasonable probability of misidentification in order to satisfy its burden of proof. State v. Gipson, 26,433 (La.App.2d Cir. 10/26/94), 645 So.2d 1198. In the case sub judice, the state failed to introduce *744 identification evidence which would have strengthened its case.
Despite the weakness of the identification evidence, I concur with the majority in affirming the defendant's conviction and sentence.