714 So.2d 126 (1998)
STATE of Louisiana, Appellee,
v.
Gregory WILSON, Appellant.
No. 30634-KA.
Court of Appeal of Louisiana, Second Circuit.
May 13, 1998.
*128 Robert C. Johnson, Monroe, for Appellant.
Louisiana Appellate Project by Peggy J. Sullivan, Richard P. Ieyoub, Attorney General, Jerry L. Jones, District Attorney, Susan Hamm, Assistant District Attorney, for Appellee.
Before WILLIAMS, GASKINS and PEATROSS, JJ.
WILLIAMS, Judge.
The defendant, Gregory Wilson, was charged by bill of information with simple burglary of an inhabited dwelling, a violation of LSA-R.S. 14:62.2. After a jury trial, the defendant was found guilty of attempted simple burglary of an inhabited dwelling, LSA-R.S. 14:27. The trial court sentenced defendant to serve six years imprisonment at hard labor, the first six months to be served without benefit of parole, probation or suspension of sentence. Defendant's motion for reconsideration of sentence was denied and he appeals his conviction and sentence. For the following reasons, we affirm.

FACTS
On November 11, 1995, Glenda Evans, her husband and their five children were the occupants of a residence in Monroe, Louisiana. At approximately 3:30 a.m., Mr. Evans left home to go to work. Mrs. Evans then returned to her bedroom and turned off the light. She fell asleep while watching television, but was awakened by a loud thump. Mrs. Evans stood up, turned on her bedroom light and saw the defendant standing in her doorway just a few feet away. She screamed and telephoned 911 as the defendant ran toward the back of the house.
The defendant apparently tried to get out through the back door, but it was locked with deadbolts, so he returned toward Mrs. Evans' bedroom. By this time, Mrs. Evans had retrieved a handgun and when the defendant approached, she warned him not to come any closer or he would be shot. The defendant then turned and ran, escaping from the home through the carport door.
Ouachita Parish Sheriff's Office (OPSO) Deputy Stacey Antie responded to the call within minutes. Mrs. Evans described the intruder to the deputy as a clean cut male with medium dark skin and a thin mustache, with a height of approximately 5' 10" and dressed in black clothing. The deputy examined the carport door, which contained a window with a damaged screen. Mrs. Evans told the deputy that this screen had been previously damaged during a recent break-in. The deputy determined that the intruder probably had reached in through the broken screen and unlocked the door. Nothing was taken from the residence and none of the items in the home appeared to have been disturbed. Deputy Antie did not find fingerprints on the window, door handle or other items in the home.
OPSO Sergeant Jay Via investigated the case and ultimately developed the defendant as a suspect. Sergeant Via learned that the defendant lived in a house located approximately one block from the victim's residence. Subsequently, Mrs. Evans identified defendant as the person who had been in her home. Defendant was arrested and charged with simple burglary of an inhabited dwelling.
After a jury trial, the defendant was convicted of attempted simple burglary of an inhabited dwelling. The trial court sentenced defendant to serve six years at hard labor, the first six months to be served without benefit of parole, probation or suspension of sentence, and denied his motion for reconsideration of sentence. Defendant appeals his conviction and sentence.

DISCUSSION

Sufficiency of the Evidence
The defendant argues that there was insufficient evidence to support his conviction.[1] *129 He contends the state failed to prove his identity as the individual who was observed inside the victim's home.
Under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the proper standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Taylor, 28,736 (La. App.2d Cir. 10/30/96), 682 So.2d 827.
This court's authority to review questions of fact in a criminal case is limited to the sufficiency-of-the-evidence evaluation under Jackson v. Virginia, supra, and does not extend to credibility determinations made by the trier of fact. La. Const. art. 5, § 5(C); State v. Williams, 448 So.2d 753 (La.App. 2d Cir.1984). A reviewing court accords great deference to a jury's decision to accept or reject the testimony of a witness in whole or in part. State v. Bosley, 29,253 (La.App.2d Cir. 4/2/97), 691 So.2d 347, writ denied, 97-1203 (La.10/17/97), 701 So.2d 1333.
Where the defendant asserts that he was not the perpetrator of the offense or remains silent, the state bears the burden of negating any reasonable probability of misidentification. State v. Powell, 27,959 (La. App.2d Cir. 04/12/96), 677 So.2d 1008 (on rehearing), writ denied, 96-1807 (La.02/21/97), 688 So.2d 520. In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness' testimony, if believed by the trier of fact, is sufficient support for a requisite factual finding. State v. Martin, 29,717 (La.App.2d Cir. 09/24/97), 702 So.2d 739. An appellate court should not disturb the trier of fact's rational credibility determination. State v. Gipson, 26,433 (La.App.2d Cir. 10/26/94), 645 So.2d 1198.
Simple burglary of an inhabited dwelling is the unauthorized entry of any house, apartment or other structure used by a person as a home or place of abode, with the intent to commit a felony or any theft therein. LSA-R.S. 14:62.2. Any person who, having a specific intent to commit a crime, does an act for the purpose of accomplishing his object is guilty of an attempt to commit the offense intended. LSA-R.S. 14:27.
In his brief, defendant contends that Mrs. Evans' testimony was not sufficiently consistent or credible to support a conviction. Defendant points to alleged discrepancies concerning the intruder's apparel, the removal of property and the lighting conditions in the house. However, the record does not support the defendant's contention.
Deputy Antie testified that he did not recall being told by Mrs. Evans that the defendant was wearing a hat or cap during the crime. Although Mrs. Evans testified that she told one of the several deputies who were present that the defendant was wearing a black wool cap, she did not specify that Deputy Antie was the person to whom she spoke. In addition, the color of the cap was consistent with her earlier statement that the intruder was dressed in black.
At the defendant's preliminary examination, Mrs. Evans testified that ten dollars was missing from her dresser after the intruder left. This statement was inconsistent with her trial testimony that nothing was missing as a result of the break-in. However, Mrs. Evans explained this discrepancy by saying that, at the time of the preliminary examination, she had mistakenly confused the present incident with a previous burglary.
At trial, Deputy Antie recalled that just after the crime, Mrs. Evans indicated that her bedroom light was off and that the light in the hallway was on when she saw the intruder. Defendant asserts that Mrs. Evans inconsistently stated at trial that the light was on in her bedroom. In her testimony, Mrs. Evans stated that when she was in bed, the light was off in her bedroom, but that after she was awakened by a noise, she turned on her bedroom light. Thus, contrary to defendant's assertion, Mrs. Evans' testimony *130 is not inconsistent with the deputy's recollection.
Mrs. Evans testified that she was certain the defendant was the person who broke into her home because her attention was focused on the intruder's uncovered face. The jury heard detailed evidence regarding the lighting conditions inside the home, the duration of Mrs. Evans' observations of the stranger and the distance between the individuals. The available light was adequate for the victim to see the intruder, particularly since at one point they were just a few feet apart.
The asserted discrepancies were presented and argued to the jury, which nevertheless chose to credit Mrs. Evans' testimony. The alleged errors were not so significant or probative as to render the jury's decision unreasonable. Mrs. Evans was able to obtain an unobstructed view of the intruder's face and her description of the individual's physical appearance remained consistent. The foregoing testimony is sufficient to support a finding by the jury that the state negated any reasonable probability of misidentification.
It is uncontested that the house in question was inhabited and that the defendant's entry was unauthorized. However, to convict an offender of attempted simple burglary of an inhabited dwelling, the state must also prove that the accused possessed the specific intent to commit a felony or a theft at the time of his unauthorized entry. LSA-R.S. 14:62.2. Specific criminal intent is that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act. LSA-R.S. 14:10. Specific intent need not be proven as a fact and may be inferred from the circumstances of the event. State v. Black, 627 So.2d 741 (La. App. 2d Cir.1993).
In the present case, the witnesses testified that none of the objects in the Evans' home were disturbed or missing after the break-in. Thus, proof of the defendant's intent to commit a theft or other felony must be inferred from his actions. This situation triggers the circumstantial evidence rule of LSA-R.S. 15:438, which restrains the fact finder to accept as proven all that the evidence tends to prove and then to convict only if every reasonable hypothesis of innocence is excluded. State v. Black, supra.
Here, the unauthorized entry occurred early in the morning, before sunrise (perhaps 4:00 a.m.), only a short time after Mr. Evans drove away from the residence. The defendant was dressed in black. These facts tend to show that the defendant was trying to evade detection, at least until he gained entry to the home, and thus are probative of the defendant's intent.
In addition, there is a complete lack of any hypothesis of innocence. To the contrary, the fact that defendant fled when first discovered by Mrs. Evans is an indication that he knew he was not supposed to be in the home, and that he did not have any legitimate or lawful purpose inside. Flight is evidence of consciousness of guilt and is a circumstance from which a fact-finder may infer guilt. State v. Fuller, 418 So.2d 591 (La.1982); State v. Bellamy, 599 So.2d 326 (La.App. 2d Cir.), writ denied, 605 So.2d 1089 (La.1992). If the defendant needed assistance or had a legitimate reason to be in the home, he would not have fled.
All of the evidence taken together certainly suggests that the defendant possessed a criminal purpose when he surreptitiously entered the home. In addition, the record does not contain any facts suggesting an innocent reason for defendant's presence in the Evans' residence in the early morning hours shortly after Mr. Evans had departed for work. The victim did not know the intruder and had not given him permission to enter her home.
Considering all of the circumstances, the jury could reasonably have inferred from the defendant's actions either that he intended to avoid detection in order to commit a theft or that he knew Mrs. Evans was at home and intended to harm her while her husband was away. Based upon this record, we conclude that the jury could have rationally determined that the evidence, viewed in the light most favorable to the prosecution, excluded any reasonable hypothesis of innocence. Therefore, the record contains sufficient evidence to convince a rational trier of fact that each element of the crime was *131 proven beyond a reasonable doubt. The assignment of error lacks merit.

Excessive Sentence
In two assignments of error, the defendant argues the trial court erred in failing to adequately consider the mitigating factors present and in imposing an excessive sentence. He contends that the sentencing objective could have been achieved with a lesser sentence.
Here, the trial court sentenced the defendant on July 3, 1997. However, defendant did not file a motion to reconsider sentence until August 12, 1997. LSA-C.Cr.P. art. 881.1(A)(1) requires that such motions be filed in the district court within 30 days of sentencing unless a longer period is set. At sentencing, the trial court did not set an extended period for filing the motion. Thus, defendant is limited to those sentencing matters which were timely raised.
Although defendant's motion for reconsideration of sentence was not timely filed, we note that immediately after sentencing, defense counsel gave the trial court oral notice of defendant's intent to appeal his conviction and sentence. This oral notice sufficed to preserve the sentencing issue for review. LSA-C.Cr.P. 881.1(A)(2); State v. Anderson, 29,282 (La.App.2d Cir. 6/18/97), 697 So.2d 651. However, the defendant's nonspecific notice of his intent to appeal the sentence preserved only a claim of constitutional excessiveness. LSA-C.Cr.P. 881.2; State v. Mims, 619 So.2d 1059 (La.1993).
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Caraway, 28,769 (La. App.2d Cir. 10/30/96) 682 So.2d 856. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App.2d Cir. 4/2/97), 691 So.2d 864.
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, this court does not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Washington, 29,478 (La. App.2d Cir. 4/2/97), 691 So.2d 345. The statutory maximum sentence for the offense of attempted simple burglary of an inhabited dwelling is six years at hard labor with six months to be served without benefit of parole, probation or suspension of sentence, a period which is one-half of the longest term of imprisonment prescribed for the completed offense. LSA-R.S. 14:62.2; LSA-R.S. 14:27 D(3).
In the present case, the trial judge reviewed a presentence investigation report, which addressed defendant's educational and employment background and showed that this 32-year-old defendant had a lengthy criminal history. The trial court noted that in 1984, defendant pled guilty to attempted simple burglary and was sentenced to four years imprisonment at hard labor. The sentence was suspended, and he was placed on five years probation, which was revoked due to a subsequent charge of burglary of an inhabited dwelling. The defendant again pled guilty to the reduced charge of attempted simple burglary and was sentenced to serve five years imprisonment at hard labor, concurrent with his first sentence. Defendant was paroled, but in 1991 his parole was revoked due to another burglary charge. At the time of sentencing, he faced pending felony charges.
The trial court considered the circumstances of the case, stating that the fearful victim of the offense felt it necessary to display a firearm to force the defendant to leave her home and that the defendant's actions thereby created a dangerous situation for the victim and her minor children. The trial judge noted that the defendant was a third felony offender.
After weighing these factors, the trial court imposed the statutory maximum sentence for the offense of conviction. The trial judge adequately stated for the record his reasons for the imposition of this sentence, *132 which is neither grossly out of proportion to the seriousness of the offense, nor a shock to our sense of justice. We cannot say that the sentence is unconstitutionally excessive. Therefore, we conclude the trial court did not abuse its discretion in sentencing this defendant. The assignments of error lack merit.
We have examined the record for error patent and found none.
For the foregoing reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] Although the record reflects that defendant did not file a motion for post-verdict judgment of acquittal pursuant to LSA-C.Cr.P. art. 821, this court will consider sufficiency arguments in the absence of such a motion. State v. Green, 28,994 (La.App.2d Cir. 2/26/97), 691 So.2d 1273.