607 So.2d 620 (1992)
STATE of Louisiana, Appellee,
v.
Randy L. DANIELS, Appellant.
No. 23,972-KA.
Court of Appeal of Louisiana, Second Circuit.
September 23, 1992.
*622 Jones & Smith by Benjamin Jones, Monroe, for appellant.
Jerry L. Jones, Dist. Atty., H. Stephens Winters, Asst. Dist. Atty., Monroe, for appellee.
Before MARVIN, HIGHTOWER and STEWART, JJ.
STEWART, Judge.
Defendant, Randy L. Daniels, was convicted by jury of one count of conspiracy to distribute cocaine (LSA-R.S. 14:26 and 40:967) and one count of distribution of cocaine (LSA-R.S. 40:967). The trial court granted defendant's motion for post-verdict judgment of acquittal on the conspiracy conviction, and sentenced defendant to 15 years at hard labor on the distribution conviction.
The state challenges the judgment of acquittal on the conspiracy conviction. Defendant appeals his conviction and sentence for distribution of cocaine, alleging insufficiency of the evidence and excessiveness of his sentence. We affirm the distribution conviction and sentence, reverse the judgment of acquittal, reinstate the jury conviction, and remand for sentencing on the conspiracy conviction.

FACTS
On October 29, 1990 Metro Narcotics Agents James Keys and Don Chase met with Monroe Police Officer Mike Wilson to prepare for an undercover cocaine purchase at the Parkview Apartments in Monroe. The agents wired the undercover officer; that is, they outfitted him with a radio transmitter which broadcast whatever was said in the vicinity of the officer. The agents then proceeded to an area around the apartments, but testified they were unable to get close for fear of being "made," or identified as police officers. Such a discovery would have seriously compromised the undercover operation. Unfortunately, because the agents were unable to get close to the complex, the radio transmitter lacked sufficient range to transmit a clear signal. Unknown to the undercover team, practically all of the transmissions were completely garbled.
After getting the wire, Wilson and a "cooperating individual" or CI, met and went to the apartment complex. The pair parked near the washateria. Shortly, an unidentified man approached the passenger side of their vehicle and asked the CI if he was looking for anything. The CI asked this man if "Tyrone" was in the area. Upon receiving a negative answer, Wilson started the vehicle to leave. However, before the undercover team exited the complex, Detective Chase instructed Officer Wilson via police radio to attempt the purchase of cocaine from another individual in the area.
Wilson and the CI circled and returned to the same parking spot. Again, they were approached by the same individual. The CI asked the man if Randy Daniels, also known as "Meat," was in the area. These two proceeded across the street where they met and spoke with Daniels. After some time, the man signaled to Officer Wilson to join the group.
Upon his arrival, Wilson stood directly in front of defendant and stated that he wanted a "fifty," meaning a $50 piece of crack cocaine. Defendant retrieved a small medicine bottle from his pocket and shook out two pieces of rock cocaine into the unidentified man's hand. Wilson selected one piece, field tested it with a lighter and then handed over $50 cash to the unidentified man, who immediately transferred the cash into the defendant's hands.
Defendant was charged by bill of indictment with distribution of cocaine and conspiracy to distribute cocaine. The unknown man remained unidentified and was never charged or arrested. After a jury trial, defendant was found guilty as charged of both counts. The trial judge later granted a motion for post-verdict judgment of acquittal on the conspiracy charge based upon insufficiency of evidence as to that charge.

DISCUSSION
State's Sufficiency of the Evidence Assignment
The state complains that the trial judge should not have granted the defense motion *623 for post-verdict judgment of acquittal. In reviewing the sufficiency of the evidence to support a conviction, this court must determine whether a rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could have found that the state proved that the defendant committed acts necessary to constitute every element of conspiracy beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Nealy, 450 So.2d 634 (La. 1984); State v. Doby, 540 So.2d 1008 (La. App.2d Cir.), writ denied, 544 So.2d 398 (La.1989).
A criminal conspiracy is the agreement or combination of two or more persons for the specific purpose of committing a crime, where at least one of the conspirators does any act in furtherance of the scheme. LSA-R.S. 14:26.
The clear purpose of LSA-R.S. 14:26 is to criminalize the conduct of two or more persons who intend a criminal act and as a result of that intentionmanifested as an agreement or combinationone of these does something in furtherance of the intended criminal act.
State v. Joles, 485 So.2d 212, 214 (La. App.2d Cir.1986). A prima facie case of conspiracy is presented by introduction of evidence which, if unrebutted, is sufficient to establish the fact of conspiracy. State v. Guillory, 544 So.2d 643, 652 (La.App. 3d Cir.), writ denied, 551 So.2d 1334 (La.1989); State v. Johnson, 438 So.2d 1091 (La.1983).
The elements of conspiracy may be proven by direct or circumstantial evidence. State v. Perez, 569 So.2d 609, 613 (La.App.2d Cir.1990), writ denied 575 So.2d 365 (La.1991); State v. Brown, 398 So.2d 1381 (La.1981). Assuming every fact to be proved that the evidence tends to prove, the evidence must exclude every reasonable hypothesis of innocence in order to convict by circumstantial evidence alone. LSA-R.S. 15:438. Whether circumstantial evidence excludes every reasonable hypothesis of innocence presents a question of law. State v. Shapiro, 431 So.2d 372 (La. 1982); State v. Hammontree, 363 So.2d 1364 (La.1978).
Circumstantial evidence is defined as evidence of facts or circumstances from which one might infer or conclude the existence of other connected facts. Circumstantial evidence consists of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Austin, 399 So.2d 158 (La.1981).
The circumstantial evidence rule of LSA-R.S. 15:438 does not establish a stricter standard of review than the more general Jackson v. Virginia formula, but a hypothesis of innocence that is sufficiently reasonable and sufficiently strong must necessarily lead a rational fact finder to entertain a reasonable doubt about guilt. State v. Sutton, 436 So.2d 471 (La.1983); State v. Lott, 535 So.2d 963 (La.App.2d Cir.1988).
In its Per Curiam, the trial court explained that the state's case contained insufficient evidence of conspiracy to sustain the conviction. The trial judge correctly observed that Officer Wilson testified that defendant did not speak in his presence. Neither the officer nor any other witness testified as to what was said in the conversation among the CI, the unidentified man, and the defendant. In short, the judge concluded there is insufficient proof of an agreement between defendant and the unidentified man, because the criminal act cannot constitute proof of the agreement. Although the jury convicted defendant of the conspiracy charge, the trial court granted defendant's request for a post verdict judgment of acquittal.
The record reveals that defendant Daniels was observed and positively identified as present, both immediately prior to and during the criminal act. The state presented evidence showing what transpired from the time Wilson and the CI made contact with the unidentified man who then contacted defendant, through the conversation involving defendant and the unknown man, to the resultant concerted actions by defendant and this man. The evidence constituted proof of more than the fact, alone, that two people committed the crime charged.
*624 We find that the state presented a prima facie case of conspiracy, thus placing the existence of a conspiracy within the purview of the jury. See State v. Brown, supra. A post-verdict judgment of acquittal should be granted only if the court finds that the evidence, viewed in the light most favorable to the state, does not reasonably permit a finding of guilt. LSA-C.Cr.P. art. 821(B).
The state argues in brief that, because Officer Wilson testified that he observed the defendant, the CI and the unidentified man engage in a conversation just prior to his purchase of crack, it has presented sufficient proof of the elements of a conspiracy. The state's argument merges the two elements into one, relying on a leap in logic that because two people committed the criminal act, they must have had a prior agreement. That leap is founded on the conversation which Wilson witnessed but did not hear. The state's focus on the conversation is misplaced, because any conclusion may be drawn from the singular fact that prior to the sale a conversation occurred between the CI, defendant and the unknown man.
Nonetheless, there is sufficient evidence of a conspiracy. The correct focus of the inquiry should not be on the fact that the conversation occurred, but on the precise manner in which the transaction occurred. It is the direct testimonial evidence of the undercover officer which establishes the actions of both men from which the jury might find the existence of an agreement to distribute the crack cocaine.
Officer Wilson testified in detail about the actions of both men. After a brief conversation during which defendant and the unidentified person were present, Wilson joined the three men and said he wanted to buy crack. Defendant produced two rocks of crack cocaine, gave them to the unidentified person who then offered them to Wilson. Wilson selected one rock, tested it, and gave $50 to the unidentified person. The unidentified person gave the money to defendant. Wilson left with the CI and the crack.
With these facts, a jury could infer from defendant's silence that each participant knew precisely what was expected of him by the other, such that oral communication between the two was unnecessary. The sequence of eventsthe brief conversation, combined with defendant's actions in silence and in concert with the unidentified person during the drug transactionwas circumstantial evidence from which a trier of fact could find the existence of an agreement or combination to sell crack to Wilson. See and compare, State v. Mayeaux, 570 So.2d 185, 192-193 (La.App. 5th Cir. 1990), writ denied, 575 So.2d 386 (La.1991).
In this case, neither the defendant nor the unidentified person acted in a manner consistent with the absence of an agreement. Thus, the jury could easily conclude from these circumstances that both men were the gears in a drug distribution machine they created and that there was no reasonable hypothesis of innocence with regard to the conspiracy charge.
Under these circumstances, we find that the state met its burden of proof, that is, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found beyond a reasonable doubt that the evidence proved all elements of conspiracy and excluded other reasonable hypotheses. The state's assignment of error has merit. Accordingly, we reverse the judgment of acquittal and reinstate the jury's verdict of guilty.
Defendant's Sufficiency of the Evidence Assignment
There is no merit to defendant's first assignment of error, because the direct testimonial evidence by Officer Wilson that the defendant produced the medicine bottle from his pocket and shook out two rocks of crack cocaine is sufficient to sustain his conviction.
Defendant argues that the evidence against him is merely the word of one man against another. Of course, the jury, when considering the issue of guilt or innocence, resolved the issue of credibility against defendant, choosing to believe Officer Wilson. The testimony of a single undercover *625 police officer is sufficient to convict one charged with distribution of drugs. State v. Conway, 588 So.2d 1369 (La.App. 2d Cir.1991); State v. Wright, 564 So.2d 1269 (La.App. 4th Cir.1989). Detective Chase testified that he put together the photographic line-up from which Wilson immediately identified the defendant on October 30, 1990. This testimony discredited defendant's version that he had never seen Wilson before and that he was in New Orleans at the time of the crime. The evidence is sufficient under the Jackson v. Virginia standard to sustain this conviction. This assignment is meritless.
Defendant's Excessiveness of Sentence Assignments
Defendant's next two assignments of error contend that his sentence is excessive.
To evaluate a sentence for excessiveness, an appellate court uses a two-step analysis, first examining whether the record demonstrates consideration of the criteria set forth in LSA-C.Cr.P. Art. 894.1. State v. Smith, 433 So.2d 688 (La.1981).
In this case, the trial judge expressly stated his consideration of the pre-sentence investigation in light of the Art. 894.1 factors. Review of that report reveals that it contains the necessary information to allow for consideration of the sentencing factors.
Additionally, the judge articulated some of the factors that weighed in his decision, such as defendant's life-long residence in the area, his youthful age of 22 years, his education through the 11th grade in the area school system, his single status and his employment history. Next, the judge considered defendant's lengthy juvenile record and his adult criminal history, which included a charge of felony theft in 1989, to which defendant pled guilty to middlegrade theft and received a one-year hard labor sentence, suspended for a two-year probationary period, and pending charges of resisting arrest by flight and possession of CDS with intent to distribute.
The court found that defendant's conduct threatened serious harm to the community because of his distribution of CDS and that defendant had a prior juvenile record and adult criminal history. The judge noted that defendant's character and attitude made it likely that he would commit further crimes because he exhibited no repentance for his transgressions and tended to blame others for his problems. Similarly, he noted that defendant would likely not respond favorably to probationary treatment because the present offense was committed while defendant was already on probation. For those reasons, the judge concluded that there was an undue risk that this offender would commit additional crimes during any period of probation or suspension and that defendant stands in need of correctional treatment. Finally, the judge found that a lesser sentence would deprecate the seriousness of the offense and sentenced defendant to fifteen years at hard labor to be served consecutively to any present sentence.
This record demonstrates adequate compliance LSA-C.Cr.P. Art. 894.1.
Next, an appellate court must determine if the sentence is unconstitutionally excessive because it is too severe given the background of the defendant and the circumstances of the case. LSA-Const. Art. 1 § 20; State v. Barberousse, 480 So.2d 273 (La.1985).
The penalty for distribution of cocaine is imprisonment at hard labor for not less than 5, nor more than 30 years, and/or a fine of not more than $15,000. Defendant received a 15-year hard labor sentence and no fine.
This is a mid-range sentence for a defendant who is a youthful first felony offender. The sentence is not the most severe nor the most lenient. When considered in light of the fact that defendant had other serious drug charges pending against him and committed this offense while on probation for a theft conviction, the sentence does not appear so severe as to shock the conscience of the court. We find no merit in this assignment.

CONCLUSION
The trial court erred by granting defendant's post-verdict judgment of acquittal on *626 the conspiracy charge, but properly declined to grant the same on the distribution charge. Further, it did not abuse its discretion in determining defendant's sentence. For the reasons cited herein, defendant's conviction and sentence for distribution of cocaine are affirmed. The jury's verdict of guilty is reinstated on the charge of conspiracy to distribute cocaine, and the case is remanded for sentencing on that conviction.
AFFIRMED IN PART, REVERSED IN PART TO REINSTATE VERDICT, AND REMANDED FOR SENTENCING.