706 So.2d 598 (1998)
STATE of Louisiana, Appellee,
v.
Torey ANDERSON, Appellant.
No. 30306-KA.
Court of Appeal of Louisiana, Second Circuit.
January 21, 1998.
*599 Amy C. Ellender, Mer Rouge, James M. Stephens, Winnsboro, Daryl Blue, Monroe, for Appellant.
Richard Ieyoub, Attorney General, William R. Coenen, Jr., District Attorney, John M. Lancaster, Assistant District Attorney, for Appellee.
*600 Before MARVIN, C.J., and GASKINS and PEATROSS, JJ.
MARVIN, Chief Judge.
Having been convicted by a jury of distribution of cocaine [La. R.S. 40:967(A)(1)] and sentenced to ten years at hard labor, Torey Anderson appeals his conviction and sentence, contending that the evidence was insufficient to convict, that a mistrial should have been granted because of improper statements made before the jury, and that his sentence is excessive.
We affirm.

FACTS
On the night of July 27, 1995, Anderson sold crack cocaine to an undercover police officer who worked with an informant that was an inmate in the West Carroll Parish jail. The inmate had told Deputy Lewis Russell that he could purchase drugs from one or more persons in the parish. The inmate answered yes to Russell's inquiry whether the inmate could buy drugs from Anderson. Russell then agreed to help the inmate to reduce his bond in return for the inmate's serving as a confidential informant. Russell then contacted Bastrop detective Mike Tubbs for assistance in the operation. Tubbs assigned two officers, Rodney Jackson and John Smith, two cars and transmitting equipment to be used in the operation.
In one car, Jackson wore a transmitting device disguised as a pager and had a police radio. The informant rode with Jackson, but did not wear a transmitter. In another car monitoring the transmission were Russell, Tubbs, and Smith. In a third vehicle was West Carroll deputy Kenneth Green.
Jackson and the informant drove around Oak Grove looking for Anderson. The informant eventually directed Jackson to the home of defendant's girlfriend, parking his vehicle in the driveway of the home. The confidential informant entered the house and then returned to the car. Anderson then came to the car and exchanged names with Jackson, telling Jackson his name was "Torey."
Jackson guessed the time to be around 10:50 p.m. He told defendant he needed to make money to defray the cost of a bus ticket to Shreveport by re-selling drugs that he wanted to buy from Anderson. Anderson leaned through the open passenger-side window and directly handed Jackson in the driver's seat 10-12 rocks of cocaine in exchange for $110. Jackson estimated Anderson was in his presence for about eight to ten minutes.
The other officers could not see the transaction. Russell heard the radio transmission of the sale, saying he believed he recognized Anderson's voice because he had conversed with Anderson several times for four to five years.
Once the buy was completed and Jackson had dropped off the informant, Jackson reunited with the other officers, giving them the purchased cocaine. Jackson recognized a photograph of Anderson shown to him by Russell as the individual from whom he purchased the cocaine.
Anderson was arrested in early January of 1996, and was later tried and convicted.

Sufficiency of Evidence
While conceding that the testimony at trial clearly established the essential elements of the crime, Anderson contends he was wrongly identified as the person who sold the crack cocaine to Jackson on the night in question.
The issue of sufficiency of evidence may be raised either in the trial court by a motion for post-verdict judgment of acquittal [La.C.Cr.P. art. 821], or in the appellate court as an assignment of error [La. C.Cr.P. art. 920]. This court is obligated to resolve the issue when raised in either court. State v. Green, 28,994 (La.App.2d Cir. 2/26/97), 691 So.2d 1273, J. Hightower concurring in part.
When the sufficiency issue is raised, we are required to determine, after review of the evidence in the light most favorable to the prosecution, whether a rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), State v. Bellamy, 599 So.2d 326 (La.App. 2d Cir. 1992), writ denied, 605 So.2d 1089 (La.1992).
*601 The Jackson standard, a due-process review, is not a vehicle for an appellate court to substitute its appreciation of the evidence for that of the factfinder. State v. Robertson, 96-1048 (La.10/4/96), 680 So.2d 1165; State v. Anderson, 29,282 (La.App.2d Cir. 6/18/97), 697 So.2d 651. The appellate court does not assess credibility or reweigh evidence. State v. Cummings, 95-1377 (La.2/28/96), 668 So.2d 1132. The jury has the prerogative to accept or reject the testimony of witnesses in whole or in part. State v. Carey, et al., 628 So.2d 27 (La.App. 2d Cir.1993), writ denied, 94-0018 (La.3/25/94), 635 So.2d 236.
When an accused asserts that he is not the person who committed the crime, the Jackson rationale requires the state to negate any reasonable probability of misidentification in order to carry its burden of proof. State v. Long, 408 So.2d 1221 (La.1982); State v. Powell, 27,959 (La.App.2d Cir. 4/12/96) (on rehearing), 677 So.2d 1008, writ denied, 96-1807 (La.2/21/97), 688 So.2d 520.
Jackson testified that he was certain Anderson was the person who sold him the cocaine. As we have summarized, Jackson remembered that defendant told him that his name was "Torey." He also identified Anderson in court as the person who sold him the cocaine. In the absence of internal contradiction or irreconcilable conflict with physical evidence, the testimony of one witness, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. Ford, 28,724 (La.App.2d Cir. 10/30/96), 682 So.2d 847. The testimony of a single undercover police officer is also sufficient to convict. State v. Harris, 28,517 (La.App.2d Cir. 8/21/96), 679 So.2d 549.
When Jackson met the other officers after the buy, he identified a single photograph of Anderson as the person who had sold him the crack cocaine. Anderson maintains that this method of identification was suggestive and legally improper. We have addressed the reliability of single photograph identifications in the context of a motion to suppress. While single photographic identifications should be viewed with general suspicion, their suggestive nature does not per se preclude admissibility unless found to be untrustworthy under the total circumstances. State v. Harris, supra.
In evaluating whether a suggestive identification presents a substantial likelihood of misidentification, a court considers several factors: (1) the opportunity of the witness to view the criminal at the time of the crime; (2) the witness's degree of attention; (3) the accuracy of his prior description of the criminal; (4) the level of certainty demonstrated at the confrontation; and (5) the time between the crime and the confrontation. State v. Harper, 93-2682 (La.11/30/94), 646 So.2d 338.
Although the sale occurred at night, Jackson testified that a nearby street light provided illumination into his car parked in the driveway about 15 feet from the street light. Anderson had leaned into the car through the passenger side window to make the sale to Jackson in the driver's seat, where Jackson said he had a clear view of the seller. Moreover, Anderson was in Jackson's presence for eight to ten minutes while Jackson paid attention to him knowing that he may later have to identify the seller in court. Jackson identified Anderson's photograph about ten minutes after the transaction.
A photographic identification composed of essentially one photo has been determined to be trustworthy even if suggestive under the facts in State v. Harris, supra. Harris's photo was shown to two officers with three other photos, but this court treated the photo as a single photo because another officer asked "Is that him?" when showing them Harris's photo. Like Jackson, the two observing officers explained they clearly saw the dealer at night when Harris leaned into their car with illumination provided by streetlights. The officers saw Harris's photo an hour after the sale as compared to Jackson who saw Anderson's photo ten minutes after the sale.
We find the photographic identification by Jackson trustworthy and admissible. The circumstances summarized negate any reasonable probability of misidentification.

*602 Mistrial

Anderson argues that improper statements made in the presence of the jury left the jury with the impression that the burden of proof had been shifted to defendant. Mistrial was denied. The comments at issue were uttered after defendant made a hearsay objection to the prosecutor's question to Deputy Russell about what the informant answered when asked whether he could buy drugs from Anderson. After the state responded to the objection, Anderson's counsel then stated:
Your Honor, it seems like I recall learning something about self confrontation and what the State is attempting to do is get the testimony in of another person without allowing my client the right to cross examine the person making these statements. These witnesses are getting up here testifying literally to what somebody else told them so this jury can hear it with my client not having the opportunity to confront the person who is making these statements. It's a blanket attempt to deny my client the right of self-confrontation if this RCI, this informant, know all these things let him come on the stand and let us be able to cross examine him. What the State is doing indirectly is getting some testimony in that's preventing my client an opportunity to question this, the evidence. So we object to it, Your Honor. It's denying his basic constitutional right to confront his accuser. And everybody is saying somebody said this about my client and my client don't, and I don't, the witnesses named was not the RCI, Your Honor, so I think it's denying, not only is it hearsay, it's denying my right, my client his right to confront his accuser. (R. p. 414)
The state then offered to provide the name of the informant if so ordered to allow defendant to call the confidential informant as a witness. Defense counsel responded:
Your Honor, the State knows very well it's not the Defense's responsibility to prove it's case. It's the State's responsibility to present the evidence, reliable, trustworthy, in a fair manner. Each party has the right, the accused, to have a fair trial, the State has a right, but they cannot circumvent those basic rights by using other people to testify as to what other people will say. It's again, they said this guy said this, the Defendant does not have to say one word. This ... is denying my client his right to confront his accuser. It's just that simple, Your Honor. (R. p. 415)
The trial court overruled the hearsay objection, then said:
... Now, let's go to the identity of the confidential informant. Under Louisiana Code of Evidence, Article 514, if you are seeking to overcome the privilege I can require the State of Louisiana to inform you of the, this person's name and address and location if you would like me to do that. (R. p. 415-6)
Defendant responded to the court's offer by stating:
Your Honor, I can only say it's not the Defense responsibility to prove anything. If they use witnesses, I don't care who they use, the only thing I want is the right to cross examine whoever they use. That's the only thing I'm asking. And they're using someone else now that I can't cross examine. And that's fundamental to this justice system, advocacy cross fire, and what they're doing is successfully circumventing that. (R. p. 416)
The court again responded that it would order disclosure of the informant's name if defendant wanted to cross examine him. Without a request by defendant, the trial court ordered the informant's name and address to be written on a piece of paper and given to defendant. At this point, defendant asked for the jury to be removed from the courtroom. The motion for mistrial was then made. Defendant's counsel later said that he already knew the informant's identity.
Anderson argues in brief that a mistrial should have been ordered because these prejudicial comments made it impossible for him to obtain a fair and impartial trial. La. C.Cr.P. art. 775. Anderson also contends that the state highlighted this error when it commented during closing arguments that defendant could have subpoenaed the informant if they wanted.
*603 Reference to a defendant's failure to subpoena a witness is not a reference to a defendant's failure to testify, one ground for mandatory mistrial under La.C.Cr.P. art. 770(3). State v. Hattaway, 28,060 (La. App.2d Cir. 5/8/96), 674 So.2d 380, writ denied, 96-1900 (La.1/10/97), 685 So.2d 141. A trial court has discretion whether to grant a mistrial under La.C.Cr.P. art. 775. State v. Smith, 430 So.2d 31 (La.1983); State v. Coates, 27,287 (La.App.2d Cir. 9/27/95), 661 So.2d 571, writ denied, 95-2613 (La.2/28/96), 668 So.2d 365. Mistrial should be declared only when a defendant has suffered such substantial prejudice that he has been deprived of any reasonable expectation of a fair trial. State v. Smith, supra; State v. Coates, supra.
We do not find substantial prejudice under the above circumstances. If any prejudice is assumed, the instructions clearly told the jury that the burden of proof remained with the state:
The Defendant is presumed to be innocent until each element of the crime necessary to constitute his guilt is proven beyond a reasonable doubt. The Defendant is not required to prove that he is innocent. Thus the Defendant begins the trial with a clean slate. The burden is upon the State to prove the Defendant's guilt beyond a reasonable doubt. In considering the evidence you must give the Defendant the benefit of every reasonable doubt arising out of the evidence or out of the lack of evidence. (R. p. 609)
Moreover, any assumed prejudice to defendant was self-inflicted. Anderson first raised the issue of availability of the informant for cross-examination, couching his objection to hearsay. Anderson did not directly respond to the state's argument that Russell's testimony about how he obtained the assistance of the inmate confidential informant was admissible.
Anderson also refers to state's closing argument as "highlighting" this error. The record shows, however, that the comments complained of simply rebutted this part of defendant's closing argument:
You know what? This RCI, they kept referring to him as a cooperating individual. I sure wish he would have turned into a corroborating. He corroborated, but he ain't corroborated nothing. Now, I didn't have the pleasure of cross examining that person. He wasn't here. And I think during the course of the trial or after I complete my closing arguments the Judge [is] going to give you some instructions and I believe one of those instructions [is] going to say you as Jurors can decide if a party had a witness that was available to him and he failed to produce that witness it's a presumption that the production would have not aided him ... if that party has control over that witness. And you as the Jury will decide who had control over the witness. The State, the Defendant, who was the witness available to? You [are] going to make that decision. Torey Anderson sure can't reduce his bond. Torey Anderson sure can't send him back to jail. Who had control? This corroborating individual. (R. p. 596-7)
The state simply refuted defendant's argument to the jury that defendant was unable to call the informant as a witness. We also note that defendant did not move for a mistrial, request an admonition, or object when the prosecutor responded to his argument.
We find no merit in this assignment of error.

Excessive Sentence
Defendant complains his sentence to ten years is excessive without having filed a motion to reconsider sentence. La.C.Cr.P. art. 881.1. Anderson attempts to circumvent this requirement by arguing that failure of his trial counsel to file the motion to reconsider renders his counsel ineffective, requiring his sentence to be vacated. We do not find the sentence to be shocking to our sense of justice or purposeless and needless. State v. Henton, 28,576 (La.App.2d Cir. 9/25/96), 682 So.2d 777, writ denied, 96-2590 (La.3/27/97), 692 So.2d 391.
A trial court has wide discretion to impose a sentence within the statutory limits. Such a sentence should not be set aside as excessive absent a manifest abuse of discretion. State v. Square, 433 So.2d 104 *604 (La.1983); State v. Thompson, 25,583 (La. App.2d Cir. 1/19/94), 631 So.2d 555. Our review convinces us that the sentencing criteria provided in La.C.Cr.P. art. 894.1 were considered. The record also establishes that the circumstances of the case and defendant's background were considered by the trial court A sentence is constitutionally excessive if it is grossly out of proportion to the seriousness of the offense or is purposeless and needless. State v. Bonanno, 384 So.2d 355 (La.1980).
Defendant concedes that the trial court adequately complied with Art. 894.1 and considered all relevant factors when imposing the sentence. He contends that the trial court did not give sufficient weight to this being his first felony conviction and to his not having prior drug-related offenses.
Anderson's sentence is one-third of the statutory maximum. The trial court noted that he had planned on giving defendant a greater sentence, but decided on a lesser sentence because of the number of letters received from defendant's family and employers urging leniency.
Defendant was 20 years old when sentenced. While this was his first felony conviction, the trial court noted Anderson's juvenile record. The trial court was also aware that defendant had previously been charged with carnal knowledge of a juvenile, for which he was allowed to plead guilty to contributing to the delinquency of a juvenile in order to spare the victim from testifying in court. He received a six-month suspended sentence and two years of unsupervised probation on that charge. Indeed, defendant pled guilty to that crime on July 21, 1995, only six days before selling the cocaine to Officer Jackson. The trial court believed defendant would commit another crime if he was given a suspended sentence or probation. Under these circumstances, the ten-year sentence is not excessive.

Errors Patent
An assignment seeking error patent review is unnecessary because this review is mandatory in all criminal appeals. State v. Young, 27,237 (La.App.2d Cir. 8/23/95), 660 So.2d 548. We find no errors patent.

DECREE
The conviction and sentence are AFFIRMED.