836 So.2d 1243 (2003)
STATE of Louisiana, Appellee,
v.
George KELLEY, Appellant.
No. 36,602-KA.
Court of Appeal of Louisiana, Second Circuit.
January 29, 2003.
*1244 James E. Beal, Jonesboro, Amy C. Ellender, for Appellant.
Richard P. Ieyoub, Attorney General, Jerry L. Jones, District Attorney, Geary S. Aycock, Assistant District Attorney, for Appellee.
Before WILLIAMS, GASKINS and PEATROSS, JJ.
WILLIAMS, J.
The defendant, George Kelley, was charged by bill of information with distribution of cocaine and conspiracy to distribute cocaine, violations of LSA-R.S. 40:967 and 40:979. The defendant waived his right to a jury trial. After a bench trial, he was found guilty as charged on both counts. He was subsequently sentenced to serve five years at hard labor for the distribution of cocaine conviction, and two and one-half years at hard labor for the conspiracy to distribute cocaine conviction. The trial court ordered that the sentences be served concurrently. The defendant now appeals, challenging the sufficiency of the evidence to support his conviction on the conspiracy to distribute cocaine charge. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY
On April 17, 2001, Sergeant Mike Rowland of the Ouachita Parish Sheriff's Department was working with the Metro Narcotics Division on drug-trafficking investigations. At the time, his assignment was to complete an undercover drug buy/ bust in Monroe, Louisiana. Sgt. Rowland was driving a vehicle which was equipped with audio and video surveillance equipment. A surveillance unit followed him at a distance to several locations where illegal drugs were sold. Metro Narcotics had given Sgt. Rowland money (several numbers of which had been recorded) to purchase illegal drugs.
A short time later, Sgt. Rowland drove to the corner of Owl and D'Arbonne Streets, where he observed the defendant and another suspect, Edward Mansfield ("Mansfield"), standing near the corner. According to Sgt. Rowland, he pulled up to the corner and asked the defendant for a $20 rock of crack cocaine. The defendant retrieved two rocks of crack cocaine from Mansfield and handed them to Sgt. Rowland through the car window. Sgt. Rowland then gave the defendant $20 of the Metro Narcotics buy money. Sgt. Rowland engaged in a conversation with the defendant to allow the arrest team time to arrive at the scene and identify the defendant. Sgt. Rowland and the defendant discussed a future purchase of an additional $60 worth of crack cocaine. After the surveillance team arrived, Sgt. Rowland left the scene. He later identified photographs of the defendant and Mansfield as the individuals who had sold him the crack cocaine.
Officer Harold Freeman of the West Monroe Police Department Metro Narcotics Division was also involved in the surveillance. Officer Freeman testified that he observed the defendant and Mansfield at the window of the undercover vehicle. *1245 Officer Freeman testified that although he could not identify which voice belonged to which individual, he did hear the drug transaction taking place. According to officer Freeman, he heard Sgt. Rowland ask for a "20", and thereafter, he heard Sgt. Rowland give the signal for the arrest. After the arrest, a search of the defendant produced a bag of marijuana and the buy money.
Sergeant Bob Morris of the Ouachita Parish Sheriff's Department Metro Narcotics Division was also involved in the investigation and heard the transaction via audio surveillance. Sgt. Morris testified that Sgt. Rowland drove up to the corner and asked the defendant for a $20 rock of crack cocaine. Sgt. Morris also testified that Sgt. Rowland gave the defendant $20 of the Metro Narcotics buy money. Sgt. Rowland then gave the arrest team the signal and engaged in conversation with the defendant. Sgt. Morris heard Sgt. Rowland and the defendant discuss the future purchase of $60 worth of crack cocaine. Sgt. Morris stated that the defendant was arrested and a search of the defendant resulted in the seizure of a bag of marijuana and the buy money.
Subsequently, the defendant waived a jury trial and was found guilty as charged on both counts after a bench trial. He was sentenced to serve five years at hard labor on the distribution charge, and two and one-half years at hard labor on the conspiracy charge. The trial court ordered that the sentences be served concurrently. The defendant now appeals, alleging that the trial court erred in convicting him of conspiracy to distribute cocaine because the offense arose out of the same evidence used to convict him of distribution of cocaine and the state failed to prove that he was the person involved in the drug transaction.

DISCUSSION
The defendant contends his conviction for conspiracy to distribute cocaine constitutes double jeopardy because the offense arose out of the same evidence used to convict him of distribution of cocaine. He argues that the double jeopardy prohibition should have barred the simultaneous prosecution for the lesser included offense of conspiracy to distribute cocaine. The defendant also argues that the evidence presented at trial shows that he did not conspire to sell an additional $60 worth of cocaine. The defendant claims that Sgt. Rowland engaged in a conversation with Mansfield with regard to the future purchase. The defendant asserts that he did not participate in the conversation and did nothing beyond the initial act of distribution of cocaine, which he had already completed.
The state contends the trial court did not err in finding the defendant guilty of conspiracy to distribute cocaine and distribution of cocaine. The state argues that the evidence used to convict the defendant of conspiracy was not the same evidence used to prove the distribution charge. The two crimes, according to the state, are not the same offense. Finally, the state submits that the evidence of record clearly supports the defendant's conviction for conspiracy to distribute cocaine.
The constitutional standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); State v. Cummings, 95-1377 (La.2/28/96), 668 So.2d 1132. This standard, initially enunciated in Jackson and now legislatively embodied in LSA-C.Cr.P. art. 821, is applicable *1246 in cases involving both direct and circumstantial evidence. State v. Smith, 441 So.2d 739 (La.1983); State v. Harris, 28,517 (La.App.2d Cir.8/21/96), 679 So.2d 549, writ denied, 96-2954 (La.9/26/97), 701 So.2d 975. This standard does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder. State v. Robertson, 96-1048 (La.10/4/96), 680 So.2d 1165. The appellate court does not assess the credibility of witnesses or reweigh evidence. State v. Smith, 94-3116 (La.10/16/95), 661 So.2d 442.
When the defendant asserts that he was not the perpetrator, or he remains silent, the state bears the burden of negating any reasonable probability of misidentification. State v. Powell, 27,959 (La. App.2d Cir.4/21/96), 677 So.2d 1008 (on rehearing), writ denied, 96-1807 (La.2/21/97), 688 So.2d 520. Even so, the appellate court must not substitute its opinion of the facts for that of the jury or fact finder. It is the province of the trier of fact to resolve conflicting inferences from the evidence. State v. Free, 26,267 (La.App.2d Cir.9/21/94), 643 So.2d 767, writ denied, 94 2846 (La.3/10/95), 650 So.2d 1175; State v. Davis, 97-331 (La. App. 3d Cir.10/29/97), 702 So.2d 1014, writ denied, 97-2990 (La.11/6/98), 726 So.2d 919. Thus, upon review, this Court must consider all the evidence in the light most advantageous to maintaining a verdict. State v. Free, supra.
In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient to support a defendant's conviction. State v. Gradick, 29,231 (La.App.2d Cir.1/22/97), 687 So.2d 1071; State v. Braswell, 605 So.2d 702 (La.App. 2d Cir.1992), and citations therein. This is equally applicable to the testimony of undercover drug agents. State v. Anderson, 30,306 (La.App.2d Cir.1/21/98), 706 So.2d 598; State v. Martin, 29,717 (La.App.2d Cir.9/24/97), 702 So.2d 739, writ denied, 97-2562 (La.1/30/98), 709 So.2d 703; State v. Daniels, 607 So.2d 620 (La.App. 2d Cir.1992). So too, the testimony of a single undercover police officer is sufficient to convict one charged with the distribution of a controlled dangerous substance. State v. Anderson, supra; State v. Martin, supra; State v. Harris, supra; State v. Daniels, supra.
Both the Fifth Amendment to the United States Constitution and Article 1, § 15 of the Louisiana Constitution guarantee that no person shall be twice placed in jeopardy for the same offense. The purpose of these provisions is to protect a person from a second prosecution after he has already been acquitted or convicted of that offense and also to protect an accused against multiple punishment for the same conduct. State v. Vaughn, 431 So.2d 763 (La.1983).
Louisiana uses both the test in Blockburger, infra and the "same evidence test" in determining whether double jeopardy exists. LSA-C.Cr.P. art. 596; State v. Vaughn, supra. In Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), the United States Supreme Court held that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not. This test was affirmed in United States v. Dixon, 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993).
The same evidence test is a broader test than the Blockburger test. It was explained in State v. Steele, 387 So.2d 1175 (La.1980):

*1247 If the evidence required to support a finding of guilt of one crime would also have supported conviction of the other, the two are the same offense under a plea of double jeopardy, and a defendant can be placed in jeopardy for only one. The test depends on the evidence necessary for conviction, not all the evidence introduced at trial.
In order to prove the crime of distribution of cocaine against this defendant, the state had to prove beyond a reasonable doubt that the defendant acted in accordance with the circumstances listed in LSA-R.S. 40:967, i.e., that the defendant "knowingly or intentionally distributed cocaine, a Schedule II CDS."
Conspiracy to distribute cocaine is the agreement or combination of two or more persons for the specific purpose of committing the crime, where at least one of the conspirators does an act in furtherance of the scheme. LSA-R.S. 14:26.
The offenses of distribution of cocaine and conspiracy to distribute cocaine do not contain identical elements. An individual is guilty of distribution of cocaine when he transfers possession or control of the cocaine to his intended recipient. The state must show (1) delivery or physical transfer; (2) guilty knowledge of the controlled dangerous substance at the time of transfer; and (3) the exact identity of the controlled dangerous substance. State v. Manning, 30,809 (La.App.2d Cir.6/24/98), 715 So.2d 668. Conspiracy to distribute cocaine does not require these elements. To find one guilty of conspiracy to distribute cocaine, the state must show that there existed an agreement or combination of two or more persons for the specific purpose of transferring possession or control of the cocaine to an intended recipient. State v. Williams, 33,881 (La. App.2d Cir.9/27/00), 768 So.2d 728. A prima facie case of conspiracy is presented by introduction of evidence which, if unrebutted, is sufficient to establish the fact of conspiracy. State v. Daniels, supra. The elements of conspiracy may be proven by direct or circumstantial evidence. State v. Daniels, supra. Assuming every fact to be proved that the evidence tends to prove, the evidence must exclude every reasonable hypothesis of innocence in order to convict by circumstantial evidence alone. LSA-R.S. 15:438. Whether circumstantial evidence excludes every reasonable hypothesis of innocence presents a question of law. State v. Shapiro, 431 So.2d 372 (La.1982); State v. Daniels, supra.
In the instant case, the same evidence was not necessary for a conviction of both crimes because the crime of distribution of cocaine was completed after the conspiracy to distribute cocaine. In its reasons, the trial court concluded that a conspiracy took place prior to and after the distribution of cocaine. When the defendant retrieved two rocks from Mansfield for the purpose of selling them to Sgt. Rowland, a conspiracy took place. A second conspiracy was in process when Sgt. Rowland and the defendant discussed purchasing $60 worth of crack cocaine in the future.
The defendant argues that it was Mansfield who conspired to sell the additional $60 worth of cocaine. Although he claims that he did not participate in the conversation and did nothing beyond the act of distribution of cocaine, the testimony of the undercover officer proves otherwise. According to Sgt. Rowland, he pulled up to the corner and asked the defendant for a $20 rock of crack cocaine. The defendant retrieved two rocks from Mansfield and handed them to Sgt. Rowland through the car window. Sgt. Rowland gave the defendant $20 of the Metro Narcotics buy money. Sgt. Rowland testified that he engaged in conversation with the defendant *1248 for the purpose of allowing the arrest team time to get there and identify the suspect. Sgt. Rowland testified that he and the defendant discussed purchasing $60 worth of crack cocaine in the future. The testimony of the undercover police officer was sufficient to convict the defendant of distribution of cocaine, State v. Anderson, supra; State v. Martin, supra; State v. Harris, supra; State v. Daniels, supra, and the officer's testimony of the participation of both the defendant and Mansfield was sufficient to convict the defendant of conspiracy to distribute the cocaine. In addition to the testimony of Sgt. Rowland, Sgt. Morris testified that he heard the transaction via audio surveillance. Sgt. Morris stated that Sgt. Rowland pulled up to the corner and asked the defendant for a $20 rock of crack cocaine. The defendant retrieved two rocks from Mansfield and gave them to Sgt. Rowland. Sgt. Morris further testified that Sgt. Rowland handed the defendant $20 of the Metro Narcotics buy money. Afterwards, Sgt. Rowland gave the arrest team the signal, and engaged in conversation with the defendant for the purpose of allowing the arrest team time to arrive on the scene and identify the suspect. Sgt. Morris testified that he heard Sgt. Rowland and the defendant discuss the future purchase of $60 worth of crack cocaine. Furthermore, the audio and video tapes of the transaction that were entered into evidence at trial corroborated the officer's testimony.
The trial court noted that conspiracy was proven by the evidence which indicated that the defendant took the money, obtained the contraband from Mansfield and sold it to Sgt. Rowland. We agree. The defendant and Mansfield acted in a manner consistent with an agreement to commit the offense of distribution of cocaine. The trial court did not err in finding the defendant guilty of distribution of cocaine and conspiracy to distribute cocaine. The evidence shows that the defendant conspired with Mansfield and Sgt. Rowland to sell crack cocaine. Also, the evidence clearly shows that the defendant sold cocaine to Sgt. Rowland. The two crimes did not involve the same evidence, and were not the same offense.
Here, the crimes of distribution of cocaine and conspiracy to distribute cocaine were separate and distinct offenses. The defendant could have been convicted of distribution of cocaine as a principal without the state proving that a conspiracy to distribute cocaine occurred. Also, defendant could have been convicted of conspiracy to distribute cocaine without proof that the distribution actually took place. The legislature has recognized that both statutes involved in this case serve different purposes and each violation is a separate offense with different penalties. As such, the prohibition against double jeopardy does not prohibit defendant's convictions.
We therefore conclude that a rational fact finder could have found that there was an agreement or combination of minds between the defendant and Mansfield when they transferred the cocaine from Mansfield, and an act in furtherance of that agreement, when Mansfield transferred the cocaine to the defendant for the purpose of selling it to Sgt. Rowland. Separate and distinct evidence was presented for both crimes, and the prosecution and conviction for both offenses did not subject the defendant to double jeopardy. This assignment of error is without merit.

CONCLUSION
For the foregoing reasons, the defendant's convictions and sentences are affirmed.
AFFIRMED.