968 So.2d 823 (2007)
STATE of Louisiana, Appellee
v.
Ronald K. POWELL, Appellant.
No. 42,540-KA.
Court of Appeal of Louisiana, Second Circuit.
October 24, 2007.
*825 Mark O. Foster, Louisiana Appellate Project, for Appellant.
Jerry L. Jones, District Attorney, R. Nicholas Anderson, Assistant District Attorney, for Appellee.
Before WILLIAMS, GASKINS and LOLLEY, JJ.
GASKINS, J.
The defendant, Ronald K. Powell, was convicted as charged for possession of cocaine with intent to distribute and conspiracy to distribute cocaine. He was sentenced to serve five years at hard labor for possession of cocaine with intent to distribute and eight years at hard labor for conspiracy to distribute cocaine. The sentences were ordered to be served concurrently. The defendant appeals, claiming that there was insufficient evidence to support the conviction for conspiracy to distribute cocaine. He also contends that the convictions for possession of cocaine with intent to distribute and conspiracy to distribute cocaine violated his right against double jeopardy. For the following reasons, the defendant's convictions and sentences are affirmed.

FACTS
On November 9, 2005, Detective Trish Passman of the Monroe Police Department received information that the defendant and Desiree Brisco were staying in Room 34 of the Palms Motel in Monroe and were involved in illegal drug activity. There was an active arrest warrant for Ms. Brisco, who had a history of drug distribution.
Detective Passman and other officers assigned to the Metro Narcotics Unit, a multi-jurisdictional task force, went to the Palms Motel and learned from the manager that Room 34 was registered to Ms. Brisco and the defendant. Records indicated that the couple checked in on November 2, 2005. Detective Passman knocked on the door of the room and Ms. Brisco answered. She recognized Detective Passman and attempted to close the door. Detective Passman pushed the door open and Ms. Brisco backed up toward the bathroom. As Detective Passman and other officers entered the room, they noticed the defendant sitting on the left side of the bed. The officers observed a rock of crack cocaine located on top of an electronic Yahtzee game on a nightstand on the right side of the bed. A plate with a razorblade and cocaine residue was also found on the floor of the room.
Ms. Brisco was advised of her rights and arrested pursuant to the outstanding warrant. Detective Passman advised the defendant of his rights. Both the defendant and Ms. Brisco were patted down. The defendant was asked if he had anything in his pockets the officers needed to know about. The defendant gave permission to search his pockets. A wallet containing $2,397.00 in cash was removed from the defendant's pants pocket.
Detective Passman received the defendant's permission to search the rest of the room. In the drawer of the nightstand on the left side of the bed, the officers found $125.00 in cash and a box of sandwich bags. Inside the box was a small plastic bag containing approximately 30 rocks of crack cocaine.
The defendant and Ms. Brisco were transported to the Metro Narcotics office in separate vehicles and were put in separate interview rooms. The defendant indicated that he remembered and understood his rights and assented to questioning by *826 Detective Passman and Detective Jay Ellerman. The defendant gave the officers a statement in which he admitted the crack cocaine belonged to him and Ms. Brisco. The defendant took responsibility for the cocaine and said that he bought one half ounce of crack cocaine for $300.00 the day before from someone at a gas station across the street from the Palms Motel. According to the defendant, he bought one half ounce of cocaine from the same person about twice a week. The defendant said that he and Ms. Brisco sold the cocaine to their friends to survive.
The defendant was charged by bill of information with possession of cocaine with intent to distribute and conspiracy to distribute cocaine. He was tried by a jury. The defendant testified on his own behalf, denying that he bought or sold drugs. He claimed that he told the detectives what they wanted to hear in an attempt to get out of trouble. The jury found the defendant guilty as charged on both counts.
The defendant appealed, claiming that there was insufficient evidence to support his conviction for conspiracy to distribute cocaine. He also argues that the convictions for possession of cocaine with intent to distribute and conspiracy to distribute cocaine violate his right against double jeopardy.

SUFFICIENCY OF THE EVIDENCE
The defendant argues that the evidence does not support a conviction for conspiracy to distribute cocaine.[1] The defendant contends that the evidence fails to show that he and Ms. Brisco had specific intent to conspire to sell drugs. The defendant maintains that there is no showing of an agreement or combination between the defendant and Ms. Brisco for transferring possession or control of cocaine to an intended recipient. This argument is without merit.

Legal Principles
Although the record does not reflect that the defendant filed a motion for post verdict judgment of acquittal pursuant to La. C. Cr. P. art. 821, this court will consider sufficiency arguments in the absence of such a motion. State v. Henson, 38,820 (La.App. 2d Cir.9/22/04), 882 So.2d 670; State v. Green, 28,994 (La.App. 2d Cir.2/26/97), 691 So.2d 1273.
The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Cummings, 95-1377 (La.2/28/96), 668 So.2d 1132; State v. Henson, supra. This standard, now legislatively embodied in La.C.Cr.P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder. The appellate court does not assess the credibility of witnesses or reweigh evidence. State v. Henson, supra. A reviewing court accords great deference to a jury's decision to accept or reject the testimony of a witness in whole or in part. State v. Gilliam, 36,118 (La.App. 2d Cir.8/30/02), 827 So.2d 508, writ denied, XXXX-XXXX (La.11/14/03), 858 So.2d 422.
The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of the evidence in *827 such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that the defendant was guilty of every essential element of the crime. State v. Henson, supra.
La. R.S. 14:26 states in pertinent part:
Criminal conspiracy is the agreement or combination of two or more persons for the specific purpose of committing any crime; provided that an agreement or combination to commit a crime shall not amount to a criminal conspiracy unless, in addition to such agreement or combination, one or more of such parties does an act in furtherance of the object of the agreement or combination.
The elements of the crime of conspiracy are an agreement or combination of two or more persons for the specific purpose of committing a crime and an act done in furtherance of the object of the agreement or combination. La. R.S. 14:26; State v. Hampton, 38,017 (La.App. 2d Cir.1/28/04), 865 So.2d 284, writs denied, State ex rel. Hampton v. State, XXXX-XXXX (La.3/11/05), 896 So.2d 57, and State ex rel. Hargrove v. State, 2004-2380 (La.6/3/05), 903 So.2d 452; State v. Valrie, 1999-226 (La.App. 3d Cir.10/13/99), 749 So.2d 11, writ denied, XXXX-XXXX (La.4/20/00), 760 So.2d 343. An essential element of the crime of conspiracy is specific intent. Specific intent is defined as that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow the act or failure to act. Even though intent is a question of fact, it may be inferred from the circumstances of the transaction and the actions of the defendant. State v. Hampton, supra; State v. Johnson, XXXX-XXXX (La.App. 3d Cir.2/06/02), 817 So.2d 120; State v. Taylor, 96-1043 (La.App. 3d Cir.2/05/97), 688 So.2d 1262. The existence of specific intent is an ultimate legal conclusion to be resolved by the trier of fact. State v. Valrie, supra. The foundation of the offense is the combination of two minds for an unlawful purpose. State v. D'Ingianni, 217 La. 945, 47 So.2d 731 (1950); State v. Williams, 33,881 (La.App. 2d Cir.9/27/00), 768 So.2d 728, writ denied, XXXX-XXXX (La.10/5/01), 798 So.2d 963.
The overt act need not be unlawful; it may be any act, innocent or illegal, accompanying or following the agreement, which is done in furtherance of the object of the agreement. State v. Hampton, supra; State v. Taylor, supra.
Distribution of a controlled dangerous substance (CDS) is the knowing or intentional distribution of a listed substance. La. R.S. 40:967. Testimony of the street value and dosage of the drug is relevant to the issue of intent. State v. Mitchell, 37,916 (La.App. 2d Cir.3/3/04), 869 So.2d 276, cert. denied, 543 U.S. 1068, 125 S.Ct. 905, 160 L.Ed.2d 801 (2005). Cocaine is a Schedule II CDS. La. R.S. 40:964. Distribution means to deliver a CDS by, among other things, physical delivery. La. R.S. 40:961(14); State v. Williams, supra.

Discussion
The evidence supports the defendant's conviction for conspiracy to distribute cocaine. The defendant told the officers that he bought one half ounce of crack about twice per week and that he and Ms. Brisco sold the drugs to their respective friends for their livelihood. These facts show that the defendant and Ms. Brisco agreed to act together to sell drugs to their friends. The evidence showed that the defendant and Ms. Brisco were in possession *828 of unlawful drugs and the amount of cash possessed by the defendant indicates that he had made several sales.
The defendant cites State v. Mitchell, supra, in support of his argument that the evidence was insufficient to support a conviction for conspiracy to distribute cocaine. The facts of State v. Mitchell, supra, are distinguishable from those of the present case. In Mitchell, the defendant was stopped for a traffic offense. He was driving a van with several passengers. The defendant gave consent to search the vehicle and 36 bags containing suspected crack cocaine were discovered along with six plastic bags of suspected marijuana. Also found were handguns and money. In Mitchell, there was absolutely no evidence of specific acts involving the cocaine and marijuana as a part of a joint venture or enterprise between the defendant and his passengers. In the case sub judice, the defendant told police that he regularly bought cocaine to be sold by him and Ms. Brisco.
These facts are sufficient to satisfy the elements of the offense of conspiracy to distribute cocaine. The facts show that the defendant and Ms. Brisco were engaged in a joint venture to sell drugs which were purchased by the defendant, in bulk, for that purpose.

DOUBLE JEOPARDY
The defendant argues that his convictions of possession of cocaine with intent to distribute and conspiracy to distribute cocaine violated his right against double jeopardy. This argument is without merit.

Legal Principles
Both the Fifth Amendment to the Untied States Constitution and Article 1, § 15 of the Louisiana Constitution guarantee that no person shall be twice placed in jeopardy for the same offense. The purpose of these provisions is to protect a person from a second prosecution after he has already been acquitted or convicted for that offense and also to protect an accused against multiple punishment for the same conduct. State v. Kelley, 36,602 (La.App. 2d Cir.1/29/03), 836 So.2d 1243.
Louisiana uses both the test in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), and the "same evidence test" in determining whether double jeopardy exists. La. C.Cr.P. art. 596; State v. Vaughn, 431 So.2d 763 (La.1983). In Blockburger, supra, the United States Supreme Court held that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not. This test was affirmed in United States v. Dixon, 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993). State v. Kelley, supra.
The same evidence test is a broader test than the Blockburger test. If the evidence required to support a finding of guilt of one crime would also have supported conviction of the other, the two are the same offense under a plea of double jeopardy, and a defendant can be placed in jeopardy for only one. The test depends on the evidence necessary for conviction, not all the evidence introduced at trial. State v. Steele, 387 So.2d 1175 (La.1980); State v. Kelley, supra.
The crime of possession with intent to distribute cocaine requires proof of the following elements to support the defendant's conviction. The prosecutor must show beyond a reasonable doubt that the defendant was in possession of a controlled dangerous substance, i.e., cocaine, with specific intent to distribute same. La. R.S. 40:967; State v. Johnson, 34,902 (La. *829 App. 2d Cir.9/26/01), 796 So.2d 201, writ denied, State ex rel. Johnson v. State, 2003-2631 (La.11/8/04), 885 So.2d 1124.
Conspiracy to distribute cocaine does not require these elements. To find one guilty of conspiracy to distribute cocaine, the state must show that there existed an agreement or combination of two or more persons for the specific purpose of transferring possession or control of the cocaine to an intended recipient. A prima facie case of conspiracy is presented by introduction of evidence which, if unrebutted, is sufficient to establish the fact of conspiracy. The elements of conspiracy must be established by direct or circumstantial evidence. State v. Kelley, supra.

Discussion
In this case, the same evidence was not necessary for a conviction of both crimes. Possession of cocaine with intent to distribute does not require an agreement of two or more persons for the specific purpose of committing the crime and an act in furtherance of the crime as does the crime of conspiracy to distribute cocaine. The conspiracy charge in this case requires proof of an element not included in the crime of possession of cocaine with intent to distribute and does not involve the same evidence. Therefore, the offenses are not the same. The evidence is sufficient to support both of the offenses charged in this case. Convictions for both offenses do not violate double jeopardy.

ERROR PATENT
We note that the first two years of each sentence should have been imposed without benefit of parole, probation, or suspension of sentence. La. R.S. 40:967. The trial court's failure to state that these sentences shall be served without benefits will be automatically corrected by operation of La. R.S. 15:301.1. See State v. Hampton, supra.

CONCLUSION
For the reasons stated above, the defendant's convictions and sentences are affirmed.
AFFIRMED.
NOTES
[1] The defendant acknowledges in his brief that, although he denied drug dealing at trial, the evidence viewed in the light most favorable to the prosecution supports a conviction for possession of cocaine with intent to distribute.