969 So.2d 789 (2007)
STATE of Louisiana, Appellee
v.
Jeffrey Scott YOUNG, Appellant.
No. 42,730-KA.
Court of Appeal of Louisiana, Second Circuit.
November 7, 2007.
*790 Louisiana Appellate Project, by Annette Roach, Lake Charles, for Appellant.
J. Schuyler Marvin, District Attorney, John M. Lawrence, C. Sherburne Sentell, III, Assistant District Attorneys, for Appellee.
Before GASKINS, PEATROSS & DREW, JJ.
PEATROSS, J.
Defendant, Jeffery Scott Young, was charged by bill of indictment with two counts of aggravated rape. As a result of a plea agreement, the charges were reduced to two counts of forcible rape and Defendant pled guilty. The trial court subsequently imposed the maximum sentence of 40 years for each count with the sentences to run consecutively. A timely motion for reconsideration of sentence was denied, and this appeal followed. For the following reasons, we affirm.

FACTS
On January 26, 2006, Defendant was at home with his two and three-year-old stepdaughters while their mother was working. According to Defendant, he heard the two-year-old crying in her room and found that she needed a diaper change. As he attempted to change the diaper, Defendant stated he noticed loose stool coming from the young victim's rectum and a bruise. Defendant called an ambulance, and the victim was taken to the hospital. Upon arrival at the hospital, the doctors observed what they believed to be obvious signs of sexual trauma. Police were contacted, *791 and the child was transported to LSU Medical Center by child protective services where she underwent surgery to repair the injuries to her anus and colon. Dr. Ann Springer of LSU Medical Center advised detectives investigating the incident that it was probably one of the worst cases of child sexual abuse she had seen in her many years of caring for child victims. Dr. Springer also examined the victim's three-year-old sister and found she also showed signs of recent anal rape as well.
During his interview with detectives, Defendant maintained that he did not injure the child, but the child had apparently fallen from her bed and injured herself on a toy. Defendant consistently maintained this version of the events even when confronted with information that doctors opined that it would have been impossible for the child's severe injuries to be caused by falling from a bed and the lack of finding any diaper material imbedded in the child's anal cavity.
Detectives obtained permission from Defendant and his wife to search their home on the day of the incident. During the search, detectives observed that the children's room did not have any toys on the floor or about the room that could have caused the young victim's injuries as alleged by Defendant. Two bottles of massage oil were observed in Defendant's bedroom. Prior to leaving for work, the mother had changed the two-year-old's diaper, and she did not notice any bruise or any other injuries. When questioned later, the victims' mother indicated that the massage oil was not kept in the place where it was found, and it had not been there when she left the home for work that morning. From interviews with both Defendant and the victims' mother, detectives were able to learn that the couple met in March 2005 on a chat line. The couple married in July 2005.
Defendant was initially charged with two counts of aggravated rape; and, as a result of the plea agreement, Defendant was allowed to plead guilty to two counts of forcible rape. A pre-sentence investigation was ordered. Defendant was sentenced to 40 years at hard labor without benefit of probation, parole or suspension of sentence on each count, with the sentences to run consecutively. A timely motion to reconsider sentence was denied by the trial court, and this appeal followed.

DISCUSSION
Defendant now alleges that his sentence is too severe considering his age and his first offender status. The State counters that Defendant greatly benefitted from the reduction of the charges; and, considering the facts and circumstances of this case, the sentence is not excessive.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The second inquiry involves a determination of whether the sentence imposed is too severe. This inquiry depends on the circumstances of the case and the background of Defendant.
There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App.2d Cir.3/1/00), 754 So.2d 392, writ denied, 00-1467 (La.2/2/01), 783 So.2d 385. A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, this court will not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. McCall, 37,442 (La. App.2d Cir.8/20/03), 852 So.2d 1162, writ denied, 04-0039 (La.12/17/04), 888 So.2d 858. A defendant's lack of remorse is a *792 proper sentencing consideration. State v. Shipp, 30,562 (La.App.2d Cir.4/8/98), 712 So.2d 230, writ denied, 98-1199 (La.9/25/98), 724 So.2d 775; State v. Daniels, 607 So.2d 620 (La.App. 2d Cir.1992).
The trial judge is given wide discretion in the imposition of sentences within the statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Williams, 03-3514 (La.12/13/04), 893 So.2d 7; State v. Thompson, 02-0333 (La.4/9/03), 842 So.2d 330; State v. Washington, 414 So.2d 313 (La.1982); State v. Abercrumbia, 412 So.2d 1027 (La.1982). A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case and, therefore, is given broad discretion in sentencing. State v. Cook, 95-2784 (La.5/31/96), 674 So.2d 957, cert. denied, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. Id. At the sentencing hearing held April 19, 2007, the trial court noted the reduction of the original charges and Defendant's guilty plea to the reduced charges. The trial court also noted that it had reviewed the information contained in the PSI and set forth the information contained therein for the record. It observed that Defendant was born on July 2, 1985, making him 20 years old at the time of the offense and that he was a first-felony offender with no reported criminal history. The trial court reiterated the facts of the crime, including that Dr. Springer noted that the abuse to the two-year-old was the worse case she had seen and that the child's colon was protruding from her rectum when she was examined. The trial court also noted that, in Defendant's statement given for the pre-sentence investigation, he basically denied any culpability for the acts. Defendant stated he only pled guilty because his lawyers recommended doing so. The trial court also noted that it received a letter from the victims' mother regarding the severe physical and emotional trauma the children had suffered as a result of Defendant's actions.
The record shows that the trial court appropriately considered Defendant's age, his offender class, his criminal history, social history and prior education in determining the appropriate sentence for Defendant. The trial judge was not required to give any factor a particular weight in determining Defendant's sentence.
A sentence violates La. Const. art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a needless and purposeless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 01-0467 (La.1/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La.1992); State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La. App.2d Cir.4/2/97), 691 So.2d 864.
Despite Defendant's contentions, we do not find constitutional error in the imposition of the maximum consecutive sentences in this case. Even considering the litany of cases cited by Defendant wherein lower sentences were imposed, we are not compelled to conclude that the sentences imposed upon Defendant for these particularly heinous offenses are excessive. Considering the facts of this case, particularly the harm done to the children and their extreme youth, these sentences are appropriate to the circumstances of this *793 case. The maximum sentences imposed in this case are lawful and are neither grossly disproportionate to the severity of the offenses of conviction, nor are they shocking to our sense of justice. There is no showing of an abuse of the district court's discretion in the imposition of these sentences.

CONCLUSION
For the reasons set forth above, the sentence of Defendant, Jeffrey Scott Young, is affirmed.
AFFIRMED.