BROWN, Chief Judge.
 

 11 Defendant, John Henry Sarrett, was charged by bill of information with Driving While Intoxicated, Fourth Offense. Defendant waived his right to be tried by a jury and elected to be tried by a judge. At trial, the prosecutor offered the records of defendant’s three prior convictions. Defendant, through counsel, stipulated to the authenticity of the offerings and that defendant had three prior DWI convictions, all within the ten-year cleansing period. The state then called two Shreveport Police Officers as witnesses and following their testimony rested. Defendant presented no evidence. The court found defendant guilty and imposed a sentence of 10 years at hard labor of which 60 days were without benefits and a fine of $5,000 plus court costs to be paid through Inmate Banking. Defendant appealed claiming the evidence was insufficient to convict and that the sentence imposed was excessive.
 

 Sufficiency of the Evidence
 

 On Monday, July 14, 2007, shortly after 10 p.m., defendant was driving a van down Centenary Boulevard toward the intersection of Centenary and College Street. It had been raining and the roads were wet; a vehicle ahead of defendant was stopped to make a left-hand turn. According to defendant, his brakes locked up and he was unable to stop.
 

 Corporal Jeremy Edwards of the Shreveport Police Department was the first officer to arrive at the scene of the accident. Corporal Edwards noted an overturned van. Defendant told Cpl. Edwards that he had been driving the overturned vehicle. Initially, Cpl. Edwards did not cite defendant for a traffic violation “because of the story, with him saying his 12brakes locked up, that you know doesn’t necessitate a violation ...” However, at 10:15 p.m. Cpl. Edwards called for Corporal Jared Woods, who worked the DWI unit, to come to the scene. Corporal Woods testified that he had been called to investigate defendant’s condition on the basis of observations that had been made by the responding officer.
 

 Corporal Woods testified that he detected an odor of alcoholic beverage on defendant’s person. He also noticed “glossy eyes” and a slight slur in defendant’s speech. Corporal Woods administered the Horizontal Gaze Nystagmus test (“HGN test”) to defendant at the scene. Corporal Woods testified that the HGN test is de
 
 *1055
 
 signed to detect a rapid involuntary oscillation of the eye, which indicates that the subject is intoxicated. Corporal Woods detailed the testing procedure and stated that defendant’s eyes had demonstrated such an involuntary oscillation. Cpl. Woods administered the “ABC test” which divides a subject’s attention between different tasks. The subject is required to stand with his hands at his sides, lean his head back and close his eyes and recite a sequential range of letters from the alphabet. Defendant was told to start reciting the alphabet at the letter “B” and proceed through “Y.” Although he completed the test correctly, Cpl. Woods testified that defendant “had to concentrate extremely hard between the letters to remember what letter was next.”
 

 Corporal Woods explained that he had not administered the “walk-and-turn” test to defendant at the scene of the accident because the road surface was wet; however, he did give the test at the police station. The “walk-and-turn” test primarily gauges a subject’s balance and ability to |3follow instructions. Corporal Woods noted that defendant did not follow instructions correctly and at one point defendant touched a nearby table. Corporal Woods’ testimony was controverted with regard to defendant following instructions to take nine steps by a DVD recording of the walk-and-turn test which was shown at trial. The DVD recording shows that defendant took nine steps during each portion of the test as instructed. Defendant refused to take a chemical breath test.
 

 Relying on the videotape, defendant argues that he did not exhibit signs of intoxication and that any slight flaw in defendant’s performance could be attributed to an injury that he might have suffered in the accident. Defendant also asserts that the accident was caused by the wet road and defective brakes and not by defendant’s intoxication.
 

 Louisiana’s Constitution prohibits the review of facts in a criminal case. La. Const. Art. V, §§ 5(C) & 10(B). In
 
 Jackson v. Virginia,
 
 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the U.S. Supreme Court found that due process requires that a reviewing court look at the probative character of the evidence to insure that a jury could have reasonably concluded that all the elements of an offense have been proven beyond a reasonable doubt.
 
 [1]
 
 The
 
 Jackson
 
 court, however, admonishes a reviewing court not to substitute its view of the facts for that of the jury but to consider all the evidence in the light most advantageous to maintaining the verdict. It is solely the province of the jury to resolve conflicting inferences.
 

 |4In this case, defendant seeks to have this court expand the federally mandated review standards for sufficiency. Citing Louisiana’s circumstantial evidence rule, La. R.S. 15:438, defendant asks this reviewing court to examine conflicting inferences and rule out every hypothesis except that of guilty before affirming the verdict. Such a review, however, would usurp the role of the jury/judge and substitute our view of the facts. La. Const. Art. V, § 10(B);
 
 State v. Williams,
 
 33,881 (La.App.2d Cir.09/27/00), 768 So.2d 728,
 
 writ denied,
 
 00-3099 (La.10/05/01), 798 So.2d 963.
 

 In
 
 Jackson v. Virginia, supra,
 
 defendant was convicted of first degree murder. The Supreme Court’s review of the record, in the light most favorable to the prosecution, showed that a reasonable juror could
 
 *1056
 
 have found defendant guilty beyond a reasonable doubt. The concluding paragraph in this seminal case is instructive:
 

 Only under a theory that the prosecution was under an affirmative duty to rule out every hypothesis except that of guilty beyond a reasonable doubt could this petitioner’s challenge be sustained. That theory the court has rejected in the past. (Cite omitted). We decline to adopt it today. Under the standard established in this opinion as necessary to preserve the due process protection recognized in
 
 [In re] Winship[
 
 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970)],
 
 a federal habeas corpus court faced with a record of historical facts that support conflicting inferences, must presume
 
 — even
 
 if it does not appear in the record
 
 — that
 
 the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.
 
 Applying these criteria, we hold that a rational trier of fact could have found that the petitioner committed murder in the first degree under Virginia law. (Emphasis added).
 

 Id.,
 
 443 U.S. 307, 325, 99 S.Ct. 2781, 2792-3, 61 L.Ed.2d 560, 577.
 

 The unadorned
 
 Jackson
 
 standard adopted by article 821 of Louisiana’s Code of Criminal Procedure affords deference to the jury’s factual findings. This court’s authority to review questions of fact in a | flCriminal case is limited to the sufficiency of the evidence evaluation under
 
 Jackson v. Virginia, supra,
 
 and does not extend to credibility determinations made by the trier of fact. La. Const. Art. V, § 10(B);
 
 State v. Williams, supra; State v. Powell,
 
 42,540 (La.App.2d Cir.10/24/07), 968 So.2d 823. The review mandated by
 
 Jackson
 
 is the same whether the record includes direct evidence or is based solely on circumstantial evidence.
 
 State v. Sutton,
 
 436 So.2d 471 (La.1983).
 

 La. R.S. 14:98 (as written at the time of this incident) defines the crime of operating a vehicle while intoxicated as follows: “[t]he crime of operating a vehicle while intoxicated is the operating of any motor vehicle, aircraft, watercraft, vessel, or other means of conveyance when: (a) [t]he operator is under the influence of alcoholic beverages.”
 

 Corporal Edwards’ testimony as to arriving on the scene immediately after the accident and to receiving defendant’s statement that he had been operating the vehicle was not questioned. With regard to whether defendant was under the influence of alcoholic beverages, Cpl. Edwards called the department’s special DWI unit to the scene to investigate. Corporal Woods testified to facts he observed about defendant including an odor of alcohol; glossy eyes; slurred speech; nystagmus indication of intoxication; and some difficulty performing the field sobriety tests.
 

 The direct evidence clearly showed that defendant was operating or driving a motor vehicle. The direct observations of Cpl. Woods were without contradiction except as to whether defendant took nine steps as Ininstructed in the walk-and-turn test. A rational juror/judge could have found proof of guilt beyond a reasonable doubt.
 

 Excessive sentence
 

 The defense argues correctly that the law in effect at the time of defendant’s arrest allowed for the suspension of all but 60 days of any sentence imposed. The defense posits that this provision was enacted in order to give defendants with an addiction problem the opportunity to undergo rehabilitation for their addiction rather than serve time in prison. The defense argues that defendant’s two prior felonies, both drug offenses, which were noted by the court at sentencing, occurred
 
 *1057
 
 in 1973 and 1998 and were not violent crimes; that defendant was 57 years old, single, has 5 daughters and is under a child support order for his 16-year-old daughter; that defendant has been employed at Madison Park Exxon for 23 years; and has had no arrests since 1998. The defense notes that defendant has never received the benefit of suspension of sentence, probation or parole as a fourth offender, and is therefore not disqualified for the suspension all but 60 days of his sentence pursuant to La. R.S. 14:98(E)(3)(b).
 

 In 2007, the law governing sentencing of fourth DWI offenders provided as follows:
 

 ... on a conviction of a fourth or subsequent offense, notwithstanding any other provision of law to the contrary and regardless of whether the fourth offense occurred before or after an earlier conviction, the offender shall be imprisoned with or without hard labor for not less than ten years nor more than thirty years and shall be fined five thousand dollars. Sixty days of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence. The court, in its discretion, may suspend all or any part of the remainder of the sentence of imprisonment. If any portion of 17the sentence is suspended, the offender shall be placed on supervised probation with the Department of Public Safety and Corrections, division of probation and parole, for a period of time not to exceed five years, which probation shall commence on the day after the offender’s release from custody. La. R.S. 14:98(E)(1)(a)(2007).
 

 Certain individuals were excluded from receiving the benefit of suspension of sentence. La. R.S. 14:98(E)(4)(b) provided that:
 

 [i]f the offender has previously received the benefit of suspension of sentence, probation, or parole as a fourth offender, no part of the sentence may be imposed with benefit of suspension of sentence, probation, or parole, and no portion of the sentence shall be imposed concurrently with the remaining balance of any sentence to be served for a prior conviction for any offense.
 

 The law in place at the time of the defendant’s offense provided for a minimum sentence of 10 years of imprisonment and a $5,000 fine for fourth offenders. The maximum sentence for a fourth DWI offender was 30 years of imprisonment and a $5,000 fine. The trial court in this case articulated its cognizance of defendant’s criminal history and imposed the minimum sentence allowed by law.
 

 In 2007, La. R.S. 14:98(E)(1)(a) did allow the trial court to suspend all or part of defendant’s sentence after the first 60 days, but defendant is incorrect in asserting that he was “entitled” to such a suspension. The language of the statute is clear: “[t]he court,
 
 in its discretion,
 
 may suspend all or any part of the remainder of the sentence of imprisonment.” (Emphasis added). In this case, defendant was driving through a residential neighborhood and he was involved in a serious accident in which his vehicle turned over. Historical facts showed that defendant had two prior felony drug convictions and three prior DWI convictions. We note that Isdefendant had not been arrested since 1998. We cannot say that the minimum sentence allowed by statute is a needless imposition of pain and suffering. Nor can we conclude that the trial court abused its discretion by not suspending all of the sentence imposed. It does not shock the sense of justice.
 
 State v. Smith,
 
 01-2574 (La.01/14/03), 839 So.2d 1;
 
 State v. Dorthey,
 
 623 So.2d 1276 (La.1993);
 
 State v.
 
 
 *1058
 

 Bonanno,
 
 384 So.2d 355 (La.1980);
 
 State v. June,
 
 38,440 (La.App.2d Cir.05/12/04), 873 So.2d 939;
 
 State v. Robinson,
 
 40,983 (La.App.2d Cir.01/24/07), 948 So.2d 379.
 

 Conclusions
 

 For the foregoing reasons, defendant’s conviction and sentence are affirmed.
 

 [1]
 

 . Before
 
 Jackson v. Virginia, supra,
 
 sufficiency of evidence was reviewed as a question of law only when a defendant alleged a total absence of any factual support for the verdict. Such a "no evidence" rule had nothing to do with the type or convincing nature of the evidence.